Jewell Boston, Plaintiff, v. Old Orchard Business District, Inc., et al., Defendants; Old Orchard Business District, Inc., Third Party Plaintiff-Appellant, v. Juell Dry Wall Corporation, Third Party Defendant-Appellee.

Gen. No. 47,857.

First District, First Division.

May 16, 1960.

Kirkland, Ellis, Hodson, Chaffetz, and Masters, of Chicago (David Jacker, William H. Symmes, and

Stewart S. Dixon, of counsel) for third party plaintiff-appellant.

Jacobs, Miller, and Lederleitner, Martin S. Gordon, Gordon and Gordon, of Chicago (Joseph B. Lederleitner and Neil K. Quinn, of counsel) for third party defendant-appellee.

MR. JUSTICE McCORMICK delivered the opinion of the court.

This appeal is taken from an order entered in the Circuit Court of Cook County on April 28, 1959, dismissing a third party complaint filed by Old Orchard Business District, Inc. (hereafter referred to as "Old Orchard") against Juell Dry Wall Corporation (hereafter referred to as "Juell").

Jewell Boston had brought suit under the Structural Work Act of the State of Illinois (Ill. Rev. Stat., ch. 48, pars. 60 to 69), commonly known as the Scaffold Act, against the owner of the premises, the general contractor, the owner of a hoist employed in the construction, the erector of the hoist, and the engineer of the general contractor who operated the hoist. In the suit Juell, the immediate employer of the plaintiff, was not included as a party defendant. In count one of that complaint, as amended, the plaintiff alleged that on or about May 1, 1957, a certain hoist was being used in connection with the construction of the building known as the Old Orchard Medical Building in Skokie, Illinois; that on that date the plaintiff was injured when he fell from the hoist; and that the defendants and each of them had violated the provisions of the Scaffold Act. Old Orchard, a party defendant to the suit, was the owner of the premises.

On May 28, 1958, Old Orchard filed a third party complaint against Juell, to which was attached, as an exhibit, a copy of the amended complaint in the suit

brought by Boston against Old Orchard and other defendants. In the third party complaint it is stated that Boston had filed a complaint against Old Orchard and other defendants charging them with a wilful violation of the Structural Work Act in the maintenance, operation and control of a certain hoist used in the construction of the Old Orchard Medical Building; that on May 1, 1957, the date when it was alleged that Boston was injured, he was in the employ and under the control of, and performing labor for, the third party defendant Juell; that at the time of the alleged injury the hoist was under the control of and operated by Juell; that it was the duty of Juell to conform with all conditions of the Structural Work Act and exercise ordinary care in the operation and control of the said hoist; and that, if plaintiff was injured as alleged, his injuries were the direct and proximate result of the negligence of Juell, and if Old Orchard was negligent toward plaintiff it was only guilty of passive or technical negligence, while Juell was guilty of active or primary negligence. On April 28, 1959, an order was entered by the trial court sustaining third party defendant Juell's motion to dismiss the third party complaint of Old Orchard. This appeal is taken from that order.

The decision handed down by this court on February 29, 1960, in the case of Moroni v. Intrusion-Prepakt, Inc., 25 Ill.App.2d 534, 165 N.E.2d 346, is controlling. In that case a suit was brought by the plaintiff against Intrusion-Prepakt, Inc. (hereafter called "Intrusion") and Gulf, Mobile & Ohio Railroad Company (hereafter called "G. M. & O."). The suit was based on the Scaffold Act and was brought for injuries sustained by the plaintiff when he fell from a scaffold used by Intrusion in the course of construction work on the property of G. M. & O. G. M. & O. filed a counterclaim against Intrusion based on the

ground that Intrusion had contracted to do the construction work and had erected and maintained the scaffold and that G. M. & O. was entitled to judgment for any sum plaintiff might be awarded against it. Intrusion filed a motion to dismiss the plaintiff's complaint on the ground that the Workmen's Compensation Act precluded plaintiff's recovery against Intrusion. It also filed a motion to dismiss the counterclaim of G. M. & O. Both motions were allowed, and the plaintiff's claim against Intrusion and G. M. & O.'s counterclaim against Intrusion were dismissed. In that case we held that G. M. & O. was entitled to maintain its counterclaim. The opinion states that the Illinois rule forbidding contribution between tort-feasors does not apply between parties, when one is the active and primary wrongdoer and the other bears a passive relationship to the cause of the injury, and it also states that the contention of G. M. & O. that it was entitled to indemnification by Intrusion for an alleged breach of an obligation by Intrusion is sound, since there was an implied obligation by Intrusion to perform the contract between it and G. M. & O. in a reasonably safe manner which was allegedly breached. The court reversed and remanded the cause with directions to the trial court to overrule Intrusion's motion to dismiss the counterclaim of G. M. & O.

■ In the instant case the trial court erred in dismissing the third party action of Old Orchard.

Subsequent to the dismissal of the third party suit and after the original suit brought by Boston against Old Orchard and the other defendants was at issue, on June 19, 1958, the trial court entered an order, in which, after the recital "it appearing that the dispute as to the issues herein between Jewell Boston, Old Orchard Business District, Inc., a corporation; Inland Construction, Inc., a corporation; M. J. Bailey; Gateway Engineering Company, a corporation; Thom-

as Hoist Company, a corporation; and Gateway Erectors, Inc., a corporation, has been settled, and it appearing that there remains a dispute between Jewell Boston and Juell Dry Wall Corporation because of a subrogation claim by said corporation for compensation and medical benefits paid to Jewell Boston in accordance with the provisions of the Workmen's Compensation Act of the State of Illinois," it was ordered that the plaintiff should sign releases in full settlement and satisfaction of his claim against Old Orchard and the other enumerated defendants, that certain monies be withheld subject to the further order of the court concerning the subrogation claim of Juell, and that the claim of Boston be dismissed as to Old Orchard and other enumerated defendants. On July 2, 1958, an order was entered reciting that Boston and Juell have reached a settlement with reference to the subrogation claim, and it was ordered that Boston should execute releases for any claim he may have against Juell "whether for workmen's compensation, at common law, or under any statute."

Juell argues that the third party complaint should not be reinstated because in its prayer Old Orchard asks for judgment against Juell for "all sums that may be adjudged against Defendant, Old Orchard Business District, Inc., a corporation, in favor of the Plaintiff, Jewell Boston," and that since there has been no sum adjudicated there was no factual basis for the prayer for relief. We have already found that the trial court erred in dismissing the third party complaint. The fact that the prayer in the third party complaint asked to recover the amount which might be adjudicated in favor of Boston against Old Orchard should have no bearing on our present decision of the question. This court must look at the complaint in the light of the factual conditions existing at the time when the order was entered. At that time the prayer

328

was a proper prayer. When the case is remanded to the trial court Old Orchard will have a right to amend its third party complaint in accordance with the factual situation then in existence.

Nor does the fact that no suit was brought against Juell by the plaintiff militate against the right to bring a third party action. (It seems evident from the record that Juell was not sued since both Juell and Boston were under the Workmen's Compensation Act.) In the Moroni case, at the time when we rendered our decision the general contractor was out of the case because the trial court had dismissed Moroni's claim against it on the ground that both Moroni and the contractor were covered by the provisions of the Workmen's Compensation Act, and we held that the provisions of the Workmen's Compensation Act did not abolish the right of a party to contribution or indemnification from another tort-feasor whose relations to the injured party were governed by the Act.

Nor does the fact that Boston in the instant case released all the defendants, including Old Orchard, prevent a determination of Old Orchard's third party claim against Juell. Contribution in a case of the character such as that before us is not a part of the original claim or tort but is an adjustment between defendants independent and separate from plaintiff's claim and rests on principles of equity and not upon principles of tort law. Stradley v. Capital Transit Co., 87 F. Supp. 94. Whether the legal principle upon which the third party complaint is based is contribution or indemnity, in either case the fact that a party against whom a legal liability is asserted made a fair settlement in good faith without a judgment having been entered against him does not prevent his seeking to enforce a claim for reimbursement against another person primarily responsible for the injury suffered by the plaintiff (see Palmer House Co.

v. Otto, 347 Ill. App. 198, 201, 106 N.E.2d 753), and where, as in the case before us, a third party complaint was filed, all unresolved questions can properly be determined in that suit.

The order dismissing the third party complaint of Old Orchard against Juell is reversed and the cause remanded with directions to the trial court to overrule Juell's motion to dismiss the third party complaint and to take such further proceedings therein as are consistent with this opinion.

Reversed and cause remanded with directions.

DEMPSEY, P. J. and SCHWARTZ, J., concur.