Clara **D. Krambeer, as Administratrix of the Estate of Raymond Krambeer, Deceased, and Clara D. Krambeer, Plaintiffs, v. Gordon Canning, Florence Canning Wehr and Graeme A. Canning, Individually and as Trustee, Defendants.**
**Gordon Canning, Defendant, Third Party Plaintiff-Appellant, v. William E. Schweitzer & Company and William E. Schweitzer, Individually, Third Party Defendants-Appellees.**

**Gen. No. 48,661.**

First District, Second Division.
June 12, 1962.

Hinshaw, Culbertson, Moelmann & Hoban, of Chicago (Oswell G. Treadway, Leonel I. Hatch, Jr., and D. Kendall Griffith, of counsel), for appellants.

Baker, McKenzie & Hightower, of Chicago (John C. McKenzie and Thomas F. Bridgman, of counsel), for appellees.

MR. JUSTICE BRYANT delivered the opinion of the court:

■■■■■■■

This appeal is ultimately concerned with the dismissal of an Amended Third Party Complaint seeking indemnification. The principal action below, which was eventually settled and is not now before us, sought to recover damages for the wrongful death of Raymond Krambeer, as the result of certain violations of the Structural Work Act, Ill Rev Stats 1961, ch 48, §§ 60–69, and for alleged negligent conduct of the principal defendants, Gordon Canning, Florence Canning Wehr, and Graeme A. Canning.

This case was before us once before, and we dismissed that appeal without prejudice for want of a final order. (Docket #48427, opinion handed down October 24, 1961.) That opinion contains a statement of the case, but because of the procedural difficulties in perfecting the instant appeal we will review the chronology of events.

The principal defendant, Gordon Canning, filed a third party complaint against decedent's employer, William E. Schweitzer & Company, and William E. Schweitzer, individually, and on motion of the third party defendants the third party complaint was dismissed by an order entered on May 5, 1959. The amended third party complaint was subsequently dismissed on October 22, 1959.

On December 9, 1959 an intervening petition was filed on behalf of decedent's employer, William E. Schweitzer & Company to protect and enforce its claim for a lien upon any proceeds obtained by the principal plaintiff because of payments made under the Workmen's Compensation Act. Subsequently, the defendants, Gordon Canning and Florence Canning Wehr, sought leave to file a counterclaim against the intervening petitioner, decedent's employer, reasserting the allegations contained in the amended third party complaint heretofore dismissed. On May 4, 1960 the court entered an order denying leave to file the

counterclaim. A rehearing of this motion was sought and on June 1, 1960 another order was entered denying the motion for a rehearing of the motion to file the counterclaim against the intervening petitioner. A subsequent attempt was made to file the counterclaim, again containing the same allegations of the third party complaint and amended complaint heretofore dismissed, and this attempt was denied by an order entered October 21, 1960.

Then the third party plaintiff moved to vacate the order of October 22, 1959, dismissing the amended third party complaint; or, alternatively, for the entry of an order modifying and amending that order to the effect that no just cause exists for delay of appeal. On November 18, 1960 the court entered an order amending the order of October 22, 1959 by adding to that order the statement that no just cause exists for delay of appeal. The prior appeal was then taken seeking a review of the dismissal on October 22, 1959 of the Amended Third Party Complaint, and we dismissed that appeal without prejudice for want of a final order. After that dismissal the Circuit Court on November 8, 1961 amended and finalized the order of October 22, 1959 by finding the issues in favor of the third party defendants and again adding that there is no just reason for delaying an appeal.

The two questions now before us are: first, whether this appeal was properly and timely taken; and, secondly, whether the third party plaintiff is entitled to an action over against the third party defendant where the latter is guilty of active negligence causing the damages in question, whereas the third party plaintiff is liable by virtue of passive or technical negligence.

██ Since the principal case involved multiple claims and the dismissal order of October 22, 1959 related to fewer than all of the claims, that order

431

was not appealable at that time and was subject to revision at any time before the entry of an order, judgment or decree adjudicating all the claims, rights and liabilities of all the parties. Ill Rev Stats 1961, ch 110, § 50(2). The order appealed from as originally entered on October 22, 1959 did not terminate the litigation or some definite and separate part thereof, Village of Niles v. Szczesny, 13 Ill2d 45, 147 NE2d 371, and did not contain an express finding that there was no just reason for delaying enforcement or appeal, as required by Section 50(2) of the Practice Act. Throughout the period of time during which the third party plaintiff was asserting his claim for indemnification, this case was pending in some aspect in the Circuit Court and that court had jurisdiction to revise the order of October 22, 1959 and to make it a final judgment or order. It attempted to do this unsuccessfully by the order of November 18, 1960 leading to the prior appeal and dismissal. Finally the court did enter a final order on November 8, 1961 in the form of an amendment of the order of October 22, 1959 which had dismissed the Amended Third Party Complaint. Since the case had been pending all this while and no prior final order had been entered from which an appeal could have been taken, the court had jurisdiction to revise the order of October 22, 1959, and the instant appeal was properly and timely taken.

As to the substantive question presented here, the Amended Third Party Complaint without doubt states a good cause of action for indemnity based on the distinction between active and passive, or technical, negligence. Gulf, M. & O. R. Co. v. Arthur Dixon Transfer Co., 343 Ill App 148, 98 NE2d 783; Moroni v. Intrusion-Prepakt, Inc., 24 Ill App2d 534, 165 NE2d 346; Boston v. Old Orchard Business Dist., Inc., 26 Ill App2d 324, 168 NE2d 52; Dolezal v. Illinois Power Co., 26 Ill App2d 164, 167 NE2d 25 (Abst.). The

amended Third Party Complaint states a cause of action for indemnity based on the above cited cases. It alleges that the third party plaintiff owned the building in question; that the building was in the exclusive possession and control of the third party defendant at the time plaintiff's decedent was injured; that the third party defendant possessed, controlled and maintained a certain ladder and that the third party plaintiff did not own, possess, maintain or control the said ladder; that any wrongful conduct on the part of the third party plaintiff was passive and that any wrongful conduct on the part of the third party defendant was active.

■ ■ The fact that the third party plaintiff entered into a settlement with the plaintiff in this case does not bar the action for indemnity. Gulf, M. & O. R. Co. v. Arthur Dixon Transfer Co., supra; Boston v. Old Orchard Business Dist., supra. Nor does the Illinois Workmen's Compensation Act preclude an action over for indemnity against the employer where the employer is the active tortfeasor, as will be noted from the Moroni, Old Orchard, and Dolezal cases, supra.

The order granting judgment on the third party defendant's motion to dismiss is reversed and the cause is remanded with directions to reinstate the Amended Third Party Complaint, and to hear the case on its merits.

Reversed and remanded with directions.

FRIEND, P. J. and BURKE, J., concur.