Allen R. Parsons, Plaintiff, v. Kuhne-Simmons Co., Inc., a Corporation, and The John Doe Corporation, a Corporation, Defendants.

Kuhne-Simmons Co., Inc., a Corporation, Third Party Plaintiff-Appellant, v. Art-O-Lite Co., Inc., a Corporation, Third Party Defendant-Appellee.

Gen. No. 10,788.

Fourth District.

November 3, 1966.

McConnell, Kennedy, McConnell & Morris, of Peoria (Joseph A. Leimkuehler, of counsel), for appellant.

Greanias & Owen, of Decatur, for appellee.

CRAVEN, J.

Allen R. Parsons filed an action against Kuhne-Simmons Co., Inc., and another corporation, alleging that he received injuries by reason of an alleged violation of the Illinois Structural Work Act. Kuhne-Simmons filed an answer to the original complaint and a third-party complaint against Art-O-Lite Co., Inc., asserting a right of indemnity. The original third-party complaint and a subsequent amended third-party complaint were both dismissed on motion of the third-party defendant. Kuhne-Simmons, as third-party plaintiff, elected to stand on the complaint as amended and judgment, final in form, was entered in favor of the third-party defendant. The judgment order contained the finding required by section 50(2) of the Civil Practice Act (Ill Rev Stats 1965, c 110, para 50(2)). This appeal is from that judgment.

The issue presented by this case is whether the amended complaint alleges facts sufficient to state a cause of action for indemnity from potential Scaffold Act liability claimed to exist because of the injuries allegedly received by the original plaintiff, Allen R. Parsons.

Parsons' complaint is, by reference, incorporated into the third-party complaint but was not abstracted in this court. The third-party complaint recited the fact of the original proceeding, the allegation there that the third-party plaintiff wilfully violated certain provisions of the Structural Work Act; that by reason of those allegations the third-party plaintiff has become exposed to liability and has or will be exposed to the costs and attorneys' fees; that the liability of the third-party plaintiff, if any, is based upon passive negligence or misconduct, whereas, that of the third-party defendant, Art-O-Lite, is alleged to be active, primary and moving. There is also an allegation that the third-party defendant implicitly agreed to perform work in a careful and prudent manner so as not to injure anyone or expose any person, such as the third-party plaintiff, to liability.

No other factual allegations are to be found in the complaint.

■ Both parties to this appeal agree upon the basic rules governing the right to indemnity in cases such as this. A right to indemnity, absent an express contractual undertaking, may be implied from the terms of the contract governing job responsibility or from the relationship of the parties to the particular work being done at the time injuries were received. Moroni v. Intrusion-Prepakt, Inc., 24 Ill App2d 534, 165 NE2d 346 (1st Dist 1960); Gannon v. Chicago, M., St. P. & P. Ry., 22 Ill2d 305, 175 NE2d 785 (1961); Shell Oil Co. v. Hercules Const. Co., 74 Ill App2d 166, 219 NE2d 392 (5th Dist 1966).

The foregoing cases establish, under certain circumstances, the right to indemnity either by reason of contract or by reason of common-law indemnity principles. The right to indemnity is not here involved, however, but rather the question is whether the allegations of fact in the pleading attacked establish any factual basis for indemnity, either contractual or common law.

Examination of the amended complaint discloses that legal conclusions, not facts, have been pleaded. The amended complaint is replete with conclusion-like statements of established legal principles and devoid of a description of the salient facts upon which such legal principles might operate. The factual basis for the existence of a duty on the part of Art-O-Lite to indemnify the third-party plaintiff in the event of its liability to Parsons is not to be found in the third-party complaint.

In Krambeer v. Canning, 36 Ill App2d 428, 184 NE2d 747 (1st Dist 1962), the court considered the sufficiency of a complaint to state a cause of action for indemnity based on the distinction between active and passive, or technical negligence. The complaint as summarized in the opinion apparently contained allegations more extensive than those here to be found. The allegations in the Kram-

beer case were sufficient, factually, to establish the existence of a duty on the part of the third-party defendant to the third-party plaintiff.

■ ■ We are aware that we must give the complaint a liberal construction. We are disposed to reach the substantive merits of litigation rather than procedural technicalities. Fatal deficiencies, however, cannot be supplied by liberal construction. We can only conclude that the absence of a factual basis in the complaint for the requested relief must be taken as and for the fact that no such basis, in fact, exists. If so, it would have been alleged.

The circuit court of Champaign County correctly entered judgment for the third-party defendant and that judgment is affirmed.

Affirmed.

TRAPP, P. J. and SMITH, J., concur.