**Alberta Meade, Administrator of the Estate of Lee Tydus, Deceased, Individually and for the Sole Use and Benefit of Frazier Zella Tydus, Frazier Tydus and Charles Lee Tydus, Plaintiff-Appellant, v. J. Boggiano and A. Podesta, Defendants-Appellees, and Louis Boggiano and Ernest Young, Defendants.**

**Gen. No. 53,625.**

First District, Fourth Division.

July 22, 1970.

 

Heller and Morris, and Jerome H. Torshen, of Chicago, for appellant.

Alan E. Morrill and Robert A. Sprecher, of Chicago, for appellees.

MR. PRESIDING JUSTICE STAMOS delivered the opinion of the court.

Plaintiff Alberta Meade, Administrator of the Estate of Lee Tydus, deceased, appeals from an order dismissing her complaint as to defendants A. Podesta and J. Boggiano.

The facts alleged in the complaint are that plaintiff's decedent, Lee Tydus, had been an employee of Paul Gliege, owner, and operator of the dramshop known as the Lake Inn, and that legal title to the premises upon which the dramshop was situated rested in defendants Louis Boggiano, J. Boggiano and A. Podesta.

On August 2, 1966, the decedent was lawfully on the premises in the course of his employment when defendant Ernest Young was sold or given alcoholic liquors by employees of the dramshop which Young consumed rendering him intoxicated. As a consequence of his intoxication, Young stabbed decedent who sustained fatal injuries.

On March 2, 1967, the plaintiff filed an Application for Adjustment of Claim with the Illinois Industrial

Commission and thereafter a settlement in the amount of $9,500 was approved thereby terminating the cause.

Plaintiff then filed the complaint in the instant cause on August 1, 1967. The complaint consisted of four counts. The first and second counts were directed against the landlords Louis Boggiano, J. Boggiano and A. Podesta for damages under the Dram Shop Act (Ill Rev Stats 1965, c 43, § 135).* The third and fourth counts were directed against the assailant Young and, as such, are of no concern to the resolution of this appeal.

Defendants J. Boggiano and A. Podesta, moved to dismiss the complaint contending that plaintiff was without remedy under the Dram Shop Act and that the complaint was defective on its face for the following reasons:

1. The complaint alleges decedent's lawful presence on the premises in the course of his employment.
2. The Dram Shop Act does not provide a remedy for an employee or next of kin of an employee of a dramshop as against the owner of the premises.

---

* The Dram Shop Act (Ill Rev Stats 1965, c 43, § 135) provides: "Every person who shall be injured in person or property by any intoxicated person, shall have a right of action in his or her own name, severally or jointly, against any person or persons who shall, by selling or giving alcoholic liquor, have caused the intoxication, in whole or in part, of such person; and any person owning, renting, leasing or permitting the occupation of any building or premises and having knowledge that alcoholic liquors are to be sold therein, or who having leased the same for other purposes, shall knowingly permit therein the sale of any alcoholic liquors that have caused, in whole or in part, the intoxication of any person, shall be liable, severally or jointly, with the person or persons selling or giving the liquors. . . . An action shall lie for injuries to means of support, caused by an intoxicated person, or in consequence of the intoxication, habitual or otherwise, of any person resulting as aforesaid . . . "

3. Plaintiff has made an election of remedy in filing an Application for an Adjustment of Claim with the Illinois Industrial Commission and obtaining a settlement.

██ The trial court sustained the motion, dismissing the complaint and the cause of action as to defendants J. Boggiano and A. Podesta.**

OPINION

The plaintiff contends that the trial court erred in dismissing the complaint as to the defendants-appellees for the following reasons:

1. Dependents of an employee of a tavern have an action under the Dram Shop Act for loss of support against the owner of the premises.
2. Recovery from the employer under the Workmen's Compensation Act does not preclude an action under the Dram Shop Act against the owners of the premises.

Plaintiff maintains that the terms "every person" and "any person" as used in the section of the Act quoted above in footnote, are all inclusive and to limit the above provisions to exclude employees, as did the trial court, is improper, and contrary to the language and public policy expressed therein. Plaintiff cites Burnley v. Moore, 41 Ill App2d 156, 190 NE2d 141, and Krotzer v. Drinka, 344 Ill App 256, 100 NE2d 518, for the proposition that the courts have impliedly recognized the employee's right to recover under the Act. In those cases recovery was denied because plaintiffs' conduct amounted to complicity.

██ In light of the express and unambiguous language of the Dram Shop Act, we find that the plain-

---

** The court also found no just reason to delay enforcement or appeal from its order, thus rendering the order appealable. Supreme Court Rule 304(a); Ill Rev Stats 1967, c 110A, § 304(a).

347

tiff falls within the purview of the category of those authorized to seek recovery under the Act.

Plaintiff's second contention as to the availability of both dramshop and workmen's compensation remedies for the same injury to an employee of a dramshop is primarily based upon section 5(b) of the Workmen's Compensation Act (Ill Rev Stats 1965, c 48, § 138.5(b)) which provides:

> . "Where the injury or death for which compensation is payable under this Act was caused under circumstances creating a legal liability for damages on the part of some person other than his employer to pay damages, then legal proceedings may be taken against such other person to recover damages notwithstanding such employee's payment of or liability to pay compensation under this Act."

Defendants seek to ignore the effect of section 5(b) and maintain that the Dram Shop Act and Workmen's Compensation Act provide exclusive remedies, even where a dissimilarity of defendants exist and even though section 5(b) provides for that contingency. They argue that an action against the property owners should not be permitted because they are not alleged to have been guilty of any "active wrongdoing." The Act does not require such an allegation, however, since it refers simply to an injury "caused under circumstances creating a legal liability."

Defendants argue that recovery under the Dram Shop Act is not available to an employee of the dramshop, even if the cause is directed against the owner and not the employer. Defendants reason that if recovery were allowable in this situation, the defendants could seek and successfully obtain indemnification from plaintiff's employer as the active tort-feasor thereby effectually defeating the provisions of section 5(a) of

348

the Workmen's Compensation Act (Ill Rev Stats 1965, c 48, § 138.5(a)) which provides:

"No common law or statutory right to recover damages from the employer or his employees for injury or death sustained by any employee while engaged in the line of his duty as such employee, other than the compensation herein provided, shall be available to any employee who is covered by the provisions of this Act, to any one wholly or partially dependent upon him, the legal representations of his estate, or any one otherwise entitled to recover damages for such injury."

It is interesting to note Krambeer v. Canning, 36 Ill App2d 428, 184 NE2d 747, which defendants cite for the proposition that the passive tort-feasor may obtain indemnification from the active tort-feasor. In that case the court held that it was error to dismiss a third-party complaint for indemnification of damages awardable under the Structural Work Act where the prime plaintiff and defendant had entered into a settlement. However, in that case, as in the present one the plaintiff-employee had received damages under the Workmen's Compensation Act from his employer from whom the prime defendant sought indemnification.

■ We fail to appreciate any differing public policy between recoverability under the Structural Work Act and the Dram Shop Act, which would preclude a cause of action against the owner of the premises by an employee of the dramshop operator. Indeed, section 5(b) of the Workmen's Compensation Act expressly provides for such recovery.

The trial court erred in dismissing the complaint. Therefore, the order is reversed and the cause remanded.

Reversed and remanded.

DRUCKER and ENGLISH, JJ., concur.