HAROLD W. LINDSEY, Plaintiff, *v.* DEAN EVANS COMPANY, Defendant— (DEAN EVANS COMPANY, Third-Party Plaintiff-Appellee, *v.* HARLAN E. MOORE & Co., Third-Party Defendant-Appellant.)

(No. 11737;

Fourth District—May 24, 1973.

Phillips, Phebus, Tummelson & Bryan, of Urbana, (Joseph W. Phebus, of counsel,) for appellant.

Busch, Harrington & Porter, of Champaign, and Schaffenegger & Watson, of Chicago, (Jack L. Watson, of counsel,) for appellee.

Mr. PRESIDING JUSTICE CRAVEN delivered the opinion of the court:

This is an appeal by third-party defendant Harlan E. Moore & Company, herein called Moore, from a judgment in favor of third-party plaintiff, Dean Evans Company, herein called Evans, against Moore, for $22,000—being the amount of a judgment in favor of Harold Lindsey against Evans—and from the denial by the trial court of Moore's post-trial motion.

The original action was brought by Harold Lindsey, an employee of Moore, for personal injuries he sustained in a fall from a scaffold, based upon violation of the Illinois Structural Work Act. Ill. Rev. Stat., ch. 48, pars. 60, 69.

Evans was awarded a contract to do certain construction work for the United States Air Force at Chanute Air Base in Champaign County. Evans subcontracted with Moore to install certain floors and ceiling tile in a dining hall at the Base. Ray Bishop, an employee of Moore, asked Merle Stevens, Evans' superintendent on the job, to borrow a scaffold from Evans' storage yard, which consisted of four end sections, four cross sections, and four wheels. Bishop and other employees of Moore assembled this scaffold in a two-tier arrangement, placing planks on it, and apparently nailing some cleats on the underneath side of the planks. The scaffolding had six inch diameter wheels, swiveled similar to bed wheels. The scaffold could be moved by the workmen getting down and pushing, or by pushing on the planks with their feet while they pulled or pushed on the overhead grid with their hands.

Bishop used the scaffold. On one occasion one of the wheels stuck, but worked satisfactorily for him after he kicked it free. After Bishop finished with the scaffold, Lindsey used it. On the following morning while Lindsey was using the scaffold, he pushed against the planks with his legs and the overhead grid with his arms; the scaffolding suddenly stopped, two of the planks which did not have any cleats slipped off the scaffold and Lindsey fell to the floor and was injured. Stevens, Evans' superintendent, had observed Lindsey on the scaffold prior to the fall, but did not tell him to put cleats on the board or to quit moving the scaffold from the top.

Lindsey filed suit for his personal injuries against Evans on February 11, 1963. Evans filed a third-party complaint against Moore on March 8, 1963. The third-party complaint was dismissed by the court on July 8, 1963, on third-party defendant's motion. On December 9, 1966, Evans filed a motion for leave to file an amended third-party complaint, which was granted on January 4, 1967 over objection. Moore's subsequent motion to dismiss the amended third-party complaint was denied.

Motion by plaintiff Lindsey was made and allowed to sever the principal case from the third-party trial. Evans objected to the severance and there is no objection by Moore in the record. On March 8, 1971, in the principal case a judgment was entered in favor of Lindsey against Evans in the sum of $22,000 and costs. Thereafter, on June 23, 1971, the jury trial commenced in the third-party proceeding. Verdict and judgment was entered in the third-party proceeding in favor of third-party plaintiff Evans and against third-party defendant Moore in the sum of

$22,000. Third-party defendant Moore's post-trial motion was denied. Moore filed this appeal.

Third-party defendant contends as error that: (1) the trial court had no jurisdiction to grant the filing of the amended third-party complaint; (2) the amended third-party complaint failed to state a cause of action; (3) the denial of third-party defendant's motion for directed verdict at the close of third-party plaintiff's case and again at the close of all the evidence; (4) allowing Bishop, Moore's foreman, to give certain testimony as rebuttal testimony for third-party plaintiff; and (5) giving jury instructions which used the term "wrong-doing" as opposed to "negligence"; failing to define "wrong-doing"; and giving third-party plaintiff's Instruction No. 16 specifying $22,000 in damages.

■■ The contention is that the trial court was without jurisdiction to grant the filing of the amended third-party complaint three years after the trial court entered its order of dismissal of the third-party complaint. The contention is that such order was a final order and relief should have been sought within thirty days after the order or thereafter pursuant to section 72 of the Civil Practice Act.

This order is governed by Supreme Court Rule 304(a) which became effective on January 1, 1967. It replaced subsection (2) of section 50 of the Illinois Civil Practice Act. Rule 304(a) provides as follows:

> "(a) *Judgments As To Fewer Than All Parties or Claims—Necessity for Special Finding.* If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying enforcement or appeal. Such a finding may be made at the time of the entry of the judgment or thereafter on the court's own motion or on motion of any party. The time for filing the notice of appeal shall run from the entry of the required finding. In the absence of such a finding, any judgment that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before the entry of a judgment adjudicating all the claims, rights, and liabilities of all the parties."

Until the entry of a final judgment as to all parties, the order of the trial court could be revised. The order was not made a final appealable one under Rule 304. The trial court thus retained jurisdiction until a final judgment had been entered and could permit amendment. No distinction appears proper between "orders" and "judgments" in Rule 304. The former section 50(2) of the Civil Practice Act and Supreme Court Rule

304 deal with both orders and judgments. The Committee Comments to this rule in Smith-Hurd Annotated Statutes states "this rule supplants paragraph (2) of Section 50 of the Civil Practice Act without change of substance but with some amplification."

The amended third-party complaint does not fail to state a cause of action because it contains no allegation of due care on the part of Lindsey or an allegation of either negligence or wilful violation of the Structural Work Act by Moore.

■■■ Contributory negligence and assumption of risk are not defenses to an action brought under the Structural Work Act. This act was adopted to permit recovery by persons employed in dangerous and extrahazardous occupations regardless of the manner of doing their work. (*Fetterman v. Production Steel Co. of Illinois*, 4 Ill.App.2d 403, 124 N.E.2d 637; *Brackett v. Osborne*, 44 Ill.App.2d 441, 195 N.E.2d 8.) The Structural Work Act departs from a fault standard. Contributory negligence or assumption of the risk are not defenses and, indeed, it has been questioned whether or not the Structural Work Act can even be classified as a tort statute. (*Krause, Statutory Torts in Illinois*, 1967 U. Ill. L.F. 1.) In *Miller v. DeWitt*, 37 Ill.2d 273, the supreme court noted that the liability under the Structural Work Act does not rest upon negligence and then quoted with approval from a cited appellate court opinion that " '* * * there can be degrees of fault among those who, under the Act, are accountable to an injured plaintiff. Who is the more culpable, a party who supervises and co-ordinates the overall project, or a party who is responsible for the scaffolding and the particular work which produced the injury? Both are in charge of the work, to be sure, but of different phases of the work. Neither can escape liability to the [injured] plaintiff—thus the purpose of the Act is accomplished—but the lesser delinquent, if held accountable by the plaintiff, can transfer its statutory liability to the active delinquent, whose dereliction from duty brought about plaintiff's injury.' "

■■ The third-party complaint contains sufficient allegations of fact to establish a basis for indemnity under the now well-recognized active passive theories for indemnification. See *Parsons v. Kuhne-Simmons Co., Inc.*, 76 Ill.App.2d 121, 221 N.E.2d 168.

We find no merit in the contention of Moore that its motion of directed verdict should have been granted at the close of plaintiff's case. Such contention is made under the often cited rule announced in *Pedrick v. Peoria & Eastern R.R. Co.*, 37 Ill.2d 494, 229 N.E.2d 504. In this case, the evidence was clearly sufficient to present a jury question under the active passive theory for indemnity. (*Gadd v. John Hancock Mut. Life Ins. Co.*, 5 Ill.App.3d 152, 275 N.E.2d 285.) In this case, without a de-

tailed recitation of the evidence, the record indicates that the defendant's employees erected the scaffold and put the boards on it. The issue of whether cleats were or were not placed on the board, or whether boards that had once been cleated were replaced with boards without cleats so as to keep the board from falling, was a jury question, and if as here it was resolved by the jury adverse to the defendant's contention, such constitutes active negligence within the concept of *Miller*.

The evidence in chief for the third-party plaintiff Evans was to the effect that Moore, through its employees had erected the scaffold and put the boards on it. Moore called its foreman, Bishop, to establish that he had assembled the scaffold and had the cleats on the boards. In rebuttal, Evans called Bishop who testified that Moore's employee, the plaintiff Lindsey, had changed the boards on the scaffolding and in so doing, removed cleated boards and put on boards without cleats. The defendant objected to this testimony as improper rebuttal. The trial court overruled the objection. The question of whether or not such rebuttal testimony is permissible is a matter within the discretion of the trial court. (*Loftus v. Loftus,* 134 Ill.App. 360.) We find no abuse of discretion in the ruling here complained of.

Finally, Moore asserts error in giving certain instructions employing the term "wrong-doing" and in the failure to define that term. We will not consider this issue since Moore used the same terminology in its own tendered and given Instruction No. 10, as well as in two other tendered but refused instructions. Other issues urged by Moore are not preserved for review since such were not included in the post-trial motion and they are deemed waived.

We find no error in this proceeding. The judgment of the circuit court of Champaign County should be, and the same is, affirmed.

Judgment affirmed.

SMITH and TRAPP, JJ., concur.