JACQUELINE M. PRZYBYLSKI *et al.*, Plaintiffs, *v.* PERKINS & WILL ARCHITECTS, INC., a/k/a Perkins & Will Corporation, Defendant and Third-Party Plaintiff-Appellant.—(CAISSON CORPORATION, Third-Party Defendant-Appellee.)

First District (5th Division)    No. 79-1162

Opinion filed April 16, 1981.

French & Rogers, of Chicago (Richard G. French and Timothy G. Keating, of counsel), for appellant.

Lord, Bissell & Brook, of Chicago (Richard E. Mueller, Hugh C. Griffin, and Norman J. Lerum, II, of counsel), for appellee.

Mr. JUSTICE LORENZ delivered the opinion of the court:

This appeal involves a third-party action for indemnity brought by Perkins & Will Architects, Inc. (P & W), defendants in a Structural Work Act case. The third-party defendant, Caisson Corporation, was the employer of the construction worker whose widow was plaintiff in the action against P & W. The jury rendered a verdict of $429,000 against P & W, and a verdict for Caisson. Judgments were entered on both verdicts.

The issues on appeal are whether the trial court erred in refusing to give and in modifying a proposed jury instruction. However, the fundamental question is whether a defendant who has been held liable for violation of the Structural Work Act can seek implied indemnity from a third-party defendant based on alleged misconduct which constitutes common law negligence, but does not violate the Act.

P & W was held liable, under the Structural Work Act, for the death of Donald Przybylski, a drilling rig operator employed by Caisson Corporation, the contractor which had been hired to build foundation caissons during the construction of the Whitney M. Young, Jr., High School in Chicago. On September 13, 1973, Przybylski walked near the edge of an unsupported caisson shaft. The edge gave way, he fell about 30 feet to the bottom, the caisson caved in on top of him, and he was asphyxiated.

Plaintiff's theory was that failure to provide adequate support, shoring, or stays violated the Structural Work Act, and that P & W was liable for these violations—as one of the corporations "having charge of" the work—because P & W was (1) contractually obligated to inspect Caisson's work and (2) contractually empowered to stop work which violated Caisson's contractual duty of taking all necessary precautions to protect workers on the job site.

Caisson's theory was that P & W was guilty of major fault in causing

Przybylski's death because P & W allegedly knew of, and withheld from Caisson, information about the instability of the soil at the job site.

At the instructions conference, P & W obtained leave to file an amended third-party complaint which, in substance, alleged that if P & W was found liable, it would only be on the basis "secondary, technical, passive, or minor fault" on its part, while Caisson's fault was "primary, active and major." In support of these conclusions the amended third-party complaint set forth allegations of negligence as subparagraphs 1 through 5.

P & W also asked the court to give an issues instruction (Illinois Pattern Instructions, Civil, No. 500.02 (1977 Supp.) (hereinafter IPI)) setting forth subparagraphs 1 through 5 as specific allegations of major fault. The trial court refused to give the proffered instruction and gave a modified version of section 500.02 which included, in lieu of specific allegations of misconduct, the following paragraph:

> "If third party plaintiff, PERKINS & WILL ARCHITECTS, INC., is held liable to the plaintiff, it will be as a result of mere *passive* or secondary conduct on the part of PERKINS & WILL, whereas the primary or *active* conduct of third party defendant CAISSON CORPORATION, proximately resulted in the death of plaintiff's decedent." (Emphasis added.)

P & W contends that it was deprived of the right to present its theory of the case to the jury and that the "active/passive" terminology of the court's instruction was misleading. Caisson argues that it was proper to reject P & W's instruction because the challenged subparagraphs do not allege conduct which violates the Structural Work Act and, they therefore could not be a proper basis for the jury to conclude that Caisson was guilty of major fault in causing Przybylski's death.

OPINION

The Structural Work Act promotes safety in the construction industry by creating a cause of action for injuries brought about by violations of the Act. (Ill. Rev. Stat. 1979, ch. 48, par. 69.) Corporations and persons who are in charge of the type of work covered by the Act are encouraged to eliminate hazardous conditions on job sites because contributory negligence and assumption of the risk are not defenses to actions brought under the Act. *Lindsey v. Dean Evans Co.* (1973), 11 Ill. App. 3d 432, 297 N.E.2d 8.

Illinois courts have advanced the purpose of the Act, and increased the number of potential defendants, by broadly construing the phrase "having charge of." (Bua, *Third Party Practice in Illinois: Express and Implied Indemnity*, 25 De Paul L. Rev. 287, 307 (1976).) One result of the expansive construction of this phrase is that, "[P]ersons who had no direct

contact with the injury may be held liable for damages because of supervisory power in the general work area." Bua, at 307.

Even though a violation of the Structural Work Act is not based on negligence, Illinois courts apply, to cases brought under the Act, the rule that a passively negligent tort-feasor can obtain indemnity from a joint tort-feasor who was actively negligent. (*Isabelli v. Cowels Chemical Co.* (1972), 7 Ill. App. 3d 888, 289 N.E.2d 12.) This means that, if a defendant is held liable merely because of its supervisory power on the job site, liability can be shifted to the more culpable party. *E.g., Miller v. De Witt* (1967), 37 Ill. 2d 273, 226 N.E.2d 630.

Although the area of implied indemnity has been muddied up by confusing and misleading terminology, such as "active" and "passive" negligence, the true basis for indemnity between joint tort-feasors is restitution. (Restatement (Second) of Torts §886B, comment c (1965).) The premise for implied indemnification cases, usually unexpressed, is that, between the parties of a particular case, it is fair and equitable to shift total liability to the indemnitor. When implied indemnification is appropriate, the more culpable wrongdoer would be unjustly enriched if the less culpable party could not obtain indemnification after having been found liable for the entire amount of damages.

■■ ■ Whether it is fair and equitable to grant indemnification in a particular case does not depend upon whether the indemnitor is guilty of statutory rather than common law misconduct. We conclude that, when a defendant in a Structural Work Act case is guilty only of minor fault in causing plaintiff's injury, indemnification can be obtained from a joint tort-feasor whose wrongdoing is a major cause of the injury, even if the indemnitor's misconduct does not violate the Structural Work Act. The Act cannot be used as a shield by an imdemnitor whose major fault was the primary cause of the injury for which the indemnitee was held liable. *Burke v. Illinois Power Co.* (1978), 57 Ill. App. 3d 498, 373 N.E.2d 1354.

■■ Because of our conclusion, this case must be reversed and remanded. On retrial, the court should not use language about active and passive conduct when instructing the jury. Supreme Court Rule 239 requires that Illinois Pattern Jury Instructions shall be used, when applicable, unless they do not accurately state the law. (Ill. Rev. Stat. 1979, ch. 110A, par. 239.) The drafters of the IPI expressly rejected use of language about "active" and "passive" misconduct because these are terms of legal art which have a substantial potential for misleading the jury into incorrectly equating "active" with some form of motion and "passive" with inaction. IPI Civil, at 39-45 (1977 Supp.).

Also, the drafters acknowledged that, when requested, the court is obligated to give an issues instruction. (IPI Civil No. 20, at 99 (2d ed. 1971); *Goertz v. Chicago & Northwestern Ry. Co.* (1958), 19 Ill. App. 2d

261, 270, 153 N.E.2d 486, 491.) We find that the specific allegations in P & W's rejected instruction, if supported by the evidence, would comply with the requirement of an issues instruction by setting forth, in simple form and without undue emphasis, the allegations of the amended third-party complaint.

It should be noted that, even though contributory negligence is not a consideration under the Act, when the defendant in a Structural Work Act case seeks indemnification based on misconduct which constitutes negligence, but not a violation of the Act, then, as against the potential indemnitee, contributory negligence and affirmative defenses to negligence are material factors in determining whether fault is major or minor.

For the preceding reasons, the judgment of the circuit court is reversed and the cause is remanded for proceedings consistent with this opinion.

Reversed and remanded with instructions.

SULLIVAN, P. J., and MEJDA, J., concur.