THOMAS BEEDING, Plaintiff-Appellee, v. OLIN CHEMICAL CORP., Defendant-Appellant.

Third District   No. 82—543

Opinion filed March 7, 1983.

William F. Haley and Richard C. Bartelt, both of Wildman, Harrold, Allen & Dixon, of Chicago, for appellant.

Thomas Monahan and H. Arthur Hammel, both of Joliet, for appellee.

JUSTICE STOUDER delivered the opinion of the court:

Plaintiff Thomas Beeding filed a complaint for damages for personal injuries allegedly occasioned by defendant Olin Chemical Corporation's violation of the Structural Work Act (Ill. Rev. Stat. 1977, ch.

48, par. 60 *et seq.*). Defendant filed a third-party complaint against plaintiff's employer, Elens and Maichin, Inc., seeking indemnity. After a jury trial, the circuit court of Will County entered judgment in defendant's favor. Plaintiff filed a post-trial motion seeking relief from the jury verdict. Almost 2½ years later, the court vacated the verdict and ordered a new trial. Pursuant to Supreme Court Rule 306 (87 Ill. 2d R. 306), we granted leave to appeal. At issue is the propriety of two special interrogatories.

Plaintiff sustained his injuries on October 5, 1977, when he fell through the roof of a building owned by defendant. Elens and Maichin had been retained to remove the roof, and plaintiff was engaged in that work at the time he was injured. The first special interrogatory asked:

"Was the Defendant, Olin, the party having charge of the removal of the roof of the building in question?"

The jury answered, "No," and the trial court held that, under *Scully v. Otis Elevator Co.* (1971), 2 Ill. App. 3d 185, 275 N.E.2d 905, the interrogatory was improper.

In *Scully*, three defendants were involved in the construction of a hospital addition. Otis Elevator had been awarded one of 11 prime contracts and was responsible for installing eight elevators and dumbwaiters. At trial, the company submitted the following special interrogatory:

"Do you find from the evidence that Otis Elevator Company was in charge of the erection or construction at the time and place of the accident in question?" (*Scully v. Otis Elevator Co.* (1971), 2 Ill. App. 3d 185, 194, 275 N.E.2d 905, 911.)

The interrogatory was refused, and the appellate court affirmed the decision:

"Special interrogatories are used to test the general verdict against the jury's conclusions concerning the ultimate controlling facts. [Citations.] When a special interrogatory is in proper form, the trial court has no discretion but to submit it to the jury. [Citation.] However, the special interrogatory must relate to an ultimate issue of fact. [Citation.] While Otis' special interrogatory was couched in the language of the Act, it did not relate to an ultimate issue of fact, because a negative answer would not be determinative of whether Otis was in charge within the meaning and intent of the Structural Work Act as defined by case law. Therefore, the special interrogatory could not have tested the general verdict and the trial court properly refused to submit it to the jury." *Scully v. Otis Elevator Co.*

(1971), 2 Ill. App. 3d 185, 194-95, 275 N.E.2d 905, 911.

The *Scully* plaintiffs had urged this conclusion as a defendant needn't be in charge of erection or construction, but only a phase thereof. Thus the jury could have answered the interrogatory in the negative and still found Otis Elevator liable. In the case at bar, the jury was asked if defendant was the party having charge of the removal of the roof. Unlike the comprehensive reference to erection or construction, the removal of the roof was limited to a phase of the work. It was further limited to the phase of the work in which plaintiff was engaged at the time of his injury. Thus the jury could not have answered the instant interrogatory in the negative and still have been able to find defendant liable. In so concluding, we in no way suggest that a party in overall charge of work is not in charge of a particular phase thereof. See *McGovern v. Standish* (1976), 65 Ill. 2d 54, 71, 357 N.E.2d 1134, 1143 (Goldenhersh, J., dissenting).

We also note part of plaintiff's issue instruction, based upon Illinois Pattern Jury Instruction, Civil, No. 180.04 (2d ed. 1971) (hereinafter cited as IPI) and presented to the jury:

> "The Plaintiff, Thomas Beeding, claims that the Defendant, Olin Corporation, was the person having charge of the removal of the roof of the building in question."

Where different language was used in an instruction and special interrogatory, it was noted:

> "[I]nterrogatories should contain a single direct question and should not be repetitious, misleading, confusing or ambiguous. The interrogatory should, of course, use the same language or terms as are contained in the instructions." (*Hocking v. Rehnquist* (1968), 100 Ill. App. 2d 417, 424-25, 241 N.E.2d 337, 340, *rev'd on other grounds* (1969), 44 Ill. 2d 196, 254 N.E.2d 515.)

Given these circumstances, we find no error in submitting the special interrogatory to the jury.

The second of the contested interrogatories asked:

> "Did the conduct of Olin immediately, before and at the time of the occurrence complained of, constitute a major fault which proximately caused the injury and damage complained of[?]"

The jury answered, "Yes," and the trial court held the answer was inconsistent with the general verdict.

In *Isabelli v. Cowles Chemical Co.* (1972), 7 Ill. App. 3d 888, 289 N.E.2d 12, *appeal denied* (1973), 53 Ill. 2d 603, the defendant made the identical contention. The court responded:

> "This contention has no bearing upon the propriety of the general verdict. It is well settled that liability under the Structural

Work Act can result from a passive violation as well as from affirmative activity. [Citations.] Furthermore, it is clear from this record that the two special interrogatories had no bearing upon the issues between plaintiff and Cowles. The concept of 'active misconduct' used by them is not material in structural work cases. They were submitted to the jury in connection with the issues raised in the third-party litigation by Cowles against Marietta. There was also a general verdict on these issues returned by the jury in favor of Cowles. That verdict had no connection with the general verdict in the original case." (*Isabelli v. Cowles Chemical Co.* (1972), 7 Ill. App. 3d 888, 898, 289 N.E.2d 12, 19.)

Subsequent to *Isabelli*, the drafters of the Illinois Pattern Jury Instruction for indemnity actions expressly rejected use of language about active and passive misconduct (see *Przybylski v. Peskins & Will Architects, Inc.* (1981), 95 Ill. App. 3d 620, 623, 420 N.E.2d 524, 527, *appeal denied* (1981), 85 Ill. 2d 575), and adopted major fault and freedom from major fault in their stead (see IPI Civil No. 500.00 *et seq.*, at 45 (1977 Supp.)). As in *Isabelli*, the special interrogatory at bar was submitted, here by Elens and Maichin, in connection with the issues raised in the third-party litigation and had no connection with the issues raised in the third-party litigation and had no connection with the general verdict. We therefore find no error in submitting the interrogatory to the jury and no inconsistency raised by its answer.

Having found no error in the submission of the special interrogatories to the jury, we need not consider whether defendant was prejudiced by the interval between the filing of plaintiff's post-trial motion and the trial court's order.

Accordingly, the order of the circuit court of Will County granting a new trial is reversed and the judgment in favor of the defendant is reinstated.

Reversed.

ALLOY and HEIPLE, JJ., concur.