## BRADFORD v. BIRMINGHAM ELECTRIC CO.

### 6 Div. 251.

Supreme Court of Alabama.

June 8, 1933.

Rehearing Denied Sept. 28, 1933.

Walter S. Smith and John W. Altman, both of Birmingham, for appellant.

Lange, Simpson & Brantley and Jas. A. Simpson, all of Birmingham, for appellee.

**KNIGHT, Justice.**

Suit by plaintiff (appellant) against the Birmingham Electric Company to recover damages for personal injuries alleged to have been sustained by the plaintiff while a passenger upon one of defendant's street cars, operating in the city of Birmingham, Ala.

The plaintiff stated her cause of action in two counts, one counting on simple negligence, and the other charged a wanton wrong.

Before entering upon the trial, the plaintiff filed a motion, which, in legal effect, sought to have the court to enter upon a preliminary investigation to ascertain whether or not the attorney for the defendant intended to offer certain testimony with regard to, and touching upon, the life and character of the plaintiff, and to have the court to "inform and admonish the said attorney that, in the trial of the cause, he must not offer or attempt to offer certain testimony, which the plaintiff apprehended he would offer, and which the plaintiff insisted was illegal and incompetent."

The trial court refused to make the order, or to enter upon such an inquiry or investigation, and the plaintiff duly and legally reserved an exception to this ruling of the court.

In appellant's brief, it is stated that "the pivotal question presented by this appeal is the action of the trial court in overruling plaintiff's written motion, in which plaintiff moved the trial court to instruct attorney for defendant to refrain from bringing out illegal testimony."

There is no rule of law or of practice in this state which authorized the procedure called for by plaintiff's said motion. The trial court will not put itself in the position of assuming, in advance of the trial, that an attorney licensed to practice before it will offer illegal or incompetent testimony, nor will it arrogate to itself the prerogative of requiring counsel to inform it as to what evidence he will or will not offer in his client's behalf. Nor will a trial court assume the right, in advance of the offering of any evidence, to "instruct" an attorney what evidence he may introduce on the trial of a cause. Such a procedure, in this jurisdiction, finds no support in any of our adjudged cases. To give judicial sanction to the procedure attempted to be engrafted upon our well-understood and long-established practice in the trial of cases would be wholly unjustified by, and in violation of, all precedent, and an unwarranted usurpation of judicial power and authority. To say more would be supererogation. The trial court properly overruled plaintiff's said motion.

The trial resulted in verdict and judgment for the defendant, and this appeal is by the plaintiff from that judgment.

It appears from the evidence in the cause that the defendant, on the 4th day of January, 1931, owned and operated a street railway in the city of Birmingham, and on that day one of its street cars stopped to take on passengers at or near Avenue C and Nineteenth street, Ensley, in the city of Birmingham, Ala.; that the plaintiff boarded this car as a passenger, intending to ride thereon to her home in or near Fairfield.

The plaintiff's testimony tended to show such a state of facts as to make the case one for the determination of the jury, at least as to the simple negligence count.

The plaintiff's contention was, and is, that the car was started with a sudden jerk before she had an opportunity to get into a seat, and that as a result of this sudden jerk she was caused to fall "prone to the floor," and, in the fall, received and sustained the several injuries catalogued in her complaint. There was evidence tending to sustain this contention.

The defendant's testimony tended to show that plaintiff's injuries were due to a fainting spell, which plaintiff suffered after boarding the car; that there was no sudden jerk of the car, nor any improper handling of the same; that plaintiff's fall and injuries, if any, were due to this fainting spell.

It is insisted that the court committed error to reversal in sustaining defendant's objection to the following question propounded by plaintiff to her witness C. M. Dinsmore: "Now, was there anything—you traveled that line before many times, I believe you said: was there anything unusual in the manner of the operation of that car around the curve you observed?" This question undoubtedly called for the opinion and conclusion of the witness, and the objection thereto was properly sustained by the court. And, besides, this witness was subsequently allowed to state just how the car was moved or operated as it proceeded around the curve.

The defendant called as a witness Y. L. Anthony, chief of police of Fairfield, and, this witness having testified that he was chief of police of Fairfield, and had been for about twenty years, that he had known the plaintiff since February, 1931, that she was then living

at Fairfield, that she had been there for some time, and that he got acquainted with her down at her house, 300 Thirty-Seventh street, the witness was then asked by the defendant the following question: "Tell the jury the circumstances" Thereupon the following occurred between counsel for plaintiff and the court:

"Attorney for plaintiff: 'We object to that.'

"The Court: 'On what grounds?'

"Attorney for the plaintiff: 'He said he never saw the woman before February and that is exactly what she said. I think telling the circumstances by this witness calls for illegal, irrelevant, incompetent and immaterial testimony, and a thorough waste of time.'

"The Court: 'You went into it with the lady, didn't you?'

"Attorney for the plaintiff: 'I had to, not because I wanted to. I tried to keep that out even before the jury was called into the case.'

"The Court: 'I will have to overrule the objection.'"

To this ruling of the court, plaintiff duly reserved an exception.

The witness then was allowed to answer the question.

Prior to this time, the plaintiff's counsel, on redirect examination of the plaintiff, when on the stand as a witness in her own behalf, had gone fully into the matters as to which this witness referred in his testimony, and it was the plaintiff who first brought out the testimony now complained of, and the plaintiff cannot predicate error upon this ruling of the court. Besides, it does not appear that the testimony of the witness which was set out in brief of counsel for appellant was given in response to the above excepted to question, but, whether so or not, the plaintiff first brought out this illegal and incompetent testimony, and cannot now be heard to complain of the ruling of the court in this particular matter. And it may be further stated that no motion was made to exclude any part of the answer to the question. We say this, not that a motion to exclude illegal testimony given in response to a question calling for such evidence is necessary, but, where the question, on its face, does not disclose that it calls for illegal evidence, and if illegal evidence is given in response thereto, it is the duty of the objecting party to seasonably move for its exclusion.

■ It is also urged that the court committed error in sustaining defendant's objection to the following question propounded by plaintiff's counsel to plaintiff (witness): "The bruise you say was on the lower part of your —to the left of the front of your abdominal region, was that a very marked bruise, and, if so, what was the size of it?"

The witness was allowed to, and did thereupon, or immediately thereafter, testify that it was a large bruise, "I would say about that (indicating) from the middle of the palm to the end of my fingers, I don't recall seeing any other bruises." The attorney had just stated, "I don't know whether it was a marked, outstanding bruise or not. I just wanted to know the size." Thus the witness gave the information desired. However, the question was objectionable in so far as it sought to have the witness testify that it was "a very marked bruise."

We have examined each ruling of the court on admission and exclusion of evidence, and find no reversible error.

■ The argument submitted in brief of appellant to show that the court committed error in sustaining the defendant's objection in not permitting plaintiff's attorney to comment upon the failure of the conductor to testify in the case is wholly unavailing for any purpose, as the record does not disclose that any exception was reserved to this ruling by the court. Nor must we be understood as intimating that, if proper exception had been reserved, there was, in fact, error in refusing to permit the plaintiff to comment upon the fact that the conductor, though in court, was not examined by the plaintiff. The conductor was not a party to the suit, and he was equally available to the plaintiff as a witness as he was to defendant. Manley v. B'ham. R., L. & P. Co., 191 Ala. 531, 538, 68 So. 60; L. & N. R. R. Co. v. Sullivan Timber Co., 126 Ala. 95, 27 So. 760.

■ Charge 10, given at the request of the defendant, might well have been refused as being misleading. We will not reverse for the giving or refusal of such a charge. Smith v. Baggett, 218 Ala. 227, 118 So. 283; Grauer v. A. G. S. R. R. Co., 209 Ala. 568, 96 So. 915.

■ Charges 26 and A, given at the request of the defendant, assert sound propositions of law in ordinary cases, and under ordinary circumstances, and, if the plaintiff conceived that the fact existing at the time the plaintiff boarded the car were such as to require that the car should not be moved until the plaintiff had reached a seat, or was seated, an additional or explanatory charge should have been requested. This was not done.

■ There is no merit in the criticism of charge 15, given at defendant's request. The burden of proof was upon the plaintiff to prove, i. e., to establish, to the reasonable satisfaction of the jury each and every material allegation of her complaint, and that was all the charge required.

■ Likewise, charge 34, given at defendant's request, was not subject to the criticism leveled against it. We judicially know

that cars in turning corners will swerve or swing to some extent. Charge B was not subject to the vice attributed to it by appellant in brief.

It is insisted that charge 35, given at request of defendant, was "faulty and misleading in that it uses the words 'due care.'" The phrase "due care" as employed in the charge meant such care as the law exacted, under the circumstances. If the plaintiff apprehended that the jury would be misled by this charge into believing that a less degree of care was required than that which the law exacted, an explanatory charge should have been requested.

We find no error in the giving of other charges requested by the defendant, and which have been here assigned for error and argued.

This brings us down to a consideration of plaintiff's motion for a new trial. The questions of law presented by said motion have been determined here against appellant's contention. Upon the questions of fact, we may say that the case under the evidence was due to be tried and determined by the jury. The jury has found against the appellant. The trial court refused to grant a new trial. After a careful consideration of the evidence, we cannot affirm that the verdict is so contrary to the evidence as to convince us that it is wrong. It follows that we will not disturb the verdict of the jury.

Finding no errors in the record prejudicial to appellant, the judgment of the circuit court will be here affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.

On Rehearing.

KNIGHT, Justice.

If it were conceded that charge 35 should have defined what constituted "due care on the occasion complained of," yet it appears from the oral charge of the court that the court fully and correctly defined the care required by law of the defendant in the carriage of passengers, and given charge 35 should be read in connection with the court's oral charge. This charge in no way contravened the court's oral charge. Due care is care proportioned to any given situation, its surrounding peculiarities and hazards. It may, and often does, require extraordinary, indeed the highest, care. Clara E. Tower v. Charles W. Camp et al., 103 Conn. 41, 130 A. 86.

Application overruled.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.