This is a medical malpractice action filed by Dorothy M. Acklin and husband, Ted Acklin, against Dr. Horace G. Bramm. The Acklins appeal from a judgment, entered upon a jury verdict, in favor of Bramm. We affirm.
The facts regarding defendant's alleged negligence or breach of warranty, or contract, allegedly causing damages to be suffered by plaintiffs are not important to this decision. *Page 1349 
Although stated otherwise by the parties, the sole issue determinative of this appeal is whether it is error to allow evidence of payment by others of hospital expenses claimed as damages by one who has never incurred, and could never incur, liability for payment of same.
The rulings of the trial court by which the Acklins raise the issue before us consist of: the overruling of their motion inlimine which sought to prevent Bramm's showing payment by others of hospital expenses claimed as damages by plaintiffs, and, overruling plaintiffs' objections to defendant's showing payment by others of hospital expenses claimed as damages by plaintiffs.
The evidence shows that the cost of two separate hospitalizations of Mrs. Acklin at Huntsville Hospital in Huntsville, Madison County, Alabama, never became a legal obligation of either Mrs. Acklin or her husband Ted for the payment of which either was, or would become liable. As the result of the approval of what is known as the Madison County Admissions Committee, Mrs. Acklin's hospital expenses were assumed, and paid, by what is known as the Hill-Burton Fund of Huntsville Hospital.[1] In fact, the Acklins were never billed for, or asked to pay, these expenses.
As mentioned earlier, the Acklins filed a motion in limine in an effort to prevent evidence being introduced of the assumption of the Acklins' hospital expenses by the Hill-Burton Fund. The Acklins argued that the collateral source rule barred that evidence. Dr. Bramm, conversely, argued that the collateral source rule did not bar the evidence because the Acklins never became liable for such expenses. The motion was denied, the evidence was admitted over objection, and on this appeal the Acklins contend that therein lies reversible error. We disagree.
Under the facts of this case we need not decide whether the evidence under consideration was properly admitted. Assuming,arguendo, the trial court did err, reversal would not be required. It is clear in Alabama that, where there is a general verdict absolving the defendant from liability, reversal cannot be based upon the action of a trial court in rejecting or admitting evidence that goes merely to the extent of injury and damages. Broughton v. Kilpatrick, 362 So.2d 865 (Ala. 1978);Donaldson v. Buck, 333 So.2d 786 (Ala. 1976). That is precisely the situation in this case.
If the jury had believed that Dr. Bramm had been negligent or had breached a warranty, or his contract with the Acklins, it would have returned a verdict that awarded substantial damages for personal injuries suffered by Mrs. Acklin, separate and distinct from the hospital expenses.
When the general verdict in favor of Bramm was returned absolving him from any liability to the Acklins the result was that any possible error arising from the admission of evidence that the Acklins' hospital expenses were paid by a gratuitous collateral source was rendered harmless. See Rule 61, ARCP.
Dr. Bramm contends the case law is unclear whether motion inlimine practice is available in Alabama. He cites Bradford v.Birmingham Electric Co., 227 Ala. 285, 149 So. 729 (1933), in support of the proposition that such practice is not allowable. In spite of the presence of certain language in Bradford, the motion in limine practice is available in Alabama, and, in many instances; desirable. This is indicated by the reference to such motions in several recent cases. See e.g. Hill v. State,366 So.2d 318 (Ala. 1979); Miller v. Dacovich, 355 So.2d 1109
(Ala. 1978); Plyworld, Inc. v. St. Paul Fire Marine Ins. Co.,Inc., 351 So.2d 1363 (Ala. 1977). This court specifically recognized the availability, as well as the utility, of such motions in Louisville and Nashville *Page 1350 Railroad Co. v. Phillips, 293 Ala. 713, 310 So.2d 194 (1975), by affirming the trial court's granting of a new trial for a party's violation of the terms and conditions of a previously granted motion in limine.
For the reasons assigned, the judgment is due to be, and is hereby, affirmed.
AFFIRMED.
TORBERT, C.J., and BLOODWORTH, FAULKNER and ALMON, JJ., concur.
[1] The Hill-Burton Fund consists of $240,000 per year of free medical services for indigents that Huntsville Hospital must provide as a condition to getting construction money it previously received under the Hospital Survey and Construction Act (Hill-Burton Act) 42 U.S.C. § 291.