BRAD BEASLEY, a Minor, by Glen Beasley, his Father and Next Friend,
Plaintiff-Appellant, v. HUFFMAN MANUFACTURING COMPANY,
Defendant-Appellee.

Third District    No. 80-586

Opinion filed June 4, 1981.

2

Joseph E. Duffy, of Schenk, Andreano, Duffy, Quinn, McNamara & Phelan, of Joliet, for appellant.

Richard G. French and Alfred C. Tisdahl, Jr., both of French & Rogers, of Chicago, for appellee.

Mr. JUSTICE ALLOY delivered the opinion of the court:

This is an appeal by the plaintiff, Brad Beasley, by his father and next friend, Glen Beasley, from a verdict and judgment in favor of the defendant, Huffman Manufacturing Company, following a jury trial in the Circuit Court of Will County. The two issues presented for review are whether the circuit court properly permitted the defendant's expert witness to testify over the plaintiff's objection and whether defense counsel's closing argument violated the order *in limine*. We affirm.

In 1977, the plaintiff filed a products liability action alleging that on November 24, 1975, the minor, who was then 3 years old, was severely burned as a result of an explosion caused by the defendant's allegedly defective 5-gallon gasoline can. The minor was playing in his backyard near a 55-gallon oil drum used for burning refuse. His parents used gasoline to ignite the waste, but left the can, which had approximately one-quarter inch of gasoline, in the vicinity of the fire. Suddenly, an explosion occurred and Brad's mother found him engulfed in flames. The gasoline can, which was manufactured by the defendant, was found immediately next to the oil drum. The complaint sounded in three counts: (1) strict

liability in tort, alleging a defective design of the defendant's gasoline can; (2) negligence; and (3) willful and wanton design.

On September 22, 1978, the plaintiff requested production of the names and addresses of the defendant's expert witnesses. A motion to compel compliance was presented by the plaintiff on December 7, 1978, but the defendant failed to reveal the names of its intended expert witnesses. The plaintiff again requested this information in supplemental interrogatories filed on January 7, 1980. On April 2, 1980, the plaintiff moved to compel answers to the interrogatories. On Saturday, April 12, just 2 days before the trial began, defense counsel orally informed the plaintiff of the names of its two experts. After jury selection on Monday, the plaintiff took the deposition of the defendant's expert and on Tuesday moved to bar his testimony. The court denied the motion, but allowed the plaintiff's request for a continuance for 1 day to confer with his expert and ascertain whether more time would be necessary.

Following the continuance, the plaintiff informed the court he was ready to proceed. The plaintiff adduced testimony of several experts who were of the opinion that the defendant's design failed to conform to the existing industry standards. The defendant's expert testified, saying that because the flames on Brad were so difficult to extinguish, the minor probably spilled the gasoline on himself, the gas caught fire, and then exploded in flames. The expert further believed that a different design would not have prevented Brad from spilling gasoline on himself. Subsequently, the jury returned a verdict in favor of the defendant.

The plaintiff first contends that the court erred in failing to bar the testimony of the defendant's expert because the defendant violated section 58(3) of the Civil Practice Act. That section provides as follows:

> "A party shall not be required to furnish the names or addresses of his witnesses, except that upon motion of any party disclosure of the identity of expert witnesses shall be made to all parties and the court in sufficient time *in advance of trial* so as to insure a fair and equitable preparation of the case by all parties." (Emphasis added.) Ill. Rev. Stat. 1979, ch. 110, par. 58(3).

■■ The defendant responds, arguing that by orally informing the plaintiff on the Saturday preceding a Monday trial, it had complied with the dictates of section 58(3). We note that the section, which became applicable on September 19, 1976, substantially changed the prior rule which left the issue of discovery of an opposing party's experts to the discretion of the court. (See *Burns v. West Chemical Products, Inc.* (1973), 12 Ill. App. 3d 947, 299 N.E.2d 455.) Now, upon demand, section 58(3) makes mandatory the disclosure of the identity of expert witnesses to all parties and the court sufficiently in advance of trial to give an opposing party an opportunity to take discovery from that party's experts. Such rule is

especially helpful in taking discovery from the opposing party's experts in product-liability actions where the expert's testimony is frequently crucial. Given the facts of the instant case, we can confidently say that the defendant's disclosure was insufficient.

■■ Nevertheless, we must determine whether the circuit court acted improperly by failing to bar the defendant's expert from testifying. The law in Illinois is well established that imposing sanctions against a party for noncompliance with the discovery rules is within the discretion of the trial judge. (*Carlson v. General Motors Corp.* (1972), 9 Ill. App. 3d 606, 289 N.E.2d 439.) Although barring the expert's testimony is clearly one means available to the court (see *Simpson v. Johnson* (1977), 45 Ill. App. 3d 789, 360 N.E.2d 144), we find the court's response, of granting a continuance to allow the plaintiff to consult with his expert so as to determine whether more time would be necessary to compensate for any unfair prejudice caused by the defendant's noncompliance, to be proper in the case at bar. After spending one day conferring with his expert and examining the defendant's expert's deposition, the plaintiff declared he was ready to proceed and, thus, declined any further continuances. In light of the purpose of section 58(3), to ensure fair and equitable preparation of the case, the court's response was eminently sound. Had the facts shown that the defendant's expert presented a novel theory to which the plaintiff could not sufficiently respond during a continuance, a motion to bar that expert's testimony would have been in order. However, upon an examination of the record in the instant case, the defendant's expert presented no such dilemma. Thus, the court properly denied the plaintiff's motion to bar the testimony.

The second issue is whether defense counsel's closing remarks contravened an order *in limine*. Before the trial commenced, the plaintiff moved to exclude "any testimony, remarks, questions or argument" which might suggest to the jury the 3-year-old plaintiff's possible contributory negligence or his parents' negligent supervision. The court granted the motion, but conditioned it upon an agreement that in the event that some elements of the plaintiff's case (*i.e.*, proximate cause or foreseeability) were intermixed with possible contributory or imputed negligence, counsel would approach the bench outside the presence of the jury and obtain a ruling.

After prefacing his closing argument by admonishing the jury that none of his statements should be used to infer contributory or imputed negligence, defense counsel made several remarks to which the plaintiff failed to object then, but which he now contends violated the order *in limine*. The defendant counters, arguing that by failing to object to the remarks at trial, the plaintiff has waived the issue for purposes of appeal. *Bruske v. Arnold* (1969), 44 Ill. 2d 132, 254 N.E.2d 453.

■■ A motion *in limine* is simply a motion in advance of trial which seeks a ruling on the admissibility of evidence. Although the use of the motion is not expressly authorized under Illinois law or Supreme Court Rule, it has been recognized as part of the civil procedure of Illinois. (*Department of Public Works & Buildings v. Roehrig* (1976), 45 Ill. App. 3d 189, 359 N.E.2d 752; accord, *Reidelberger v. Highland Body Shop, Inc.* (1981), 83 Ill. 2d 545, 416 N.E.2d 268.) The advantage of an order *in limine* is that it allows a party to obtain a ruling excluding inadmissible (and often highly prejudicial) evidence before the jury is exposed to it. Thus, by raising the question outside the presence of the jury, the moving party avoids objecting to, and thereby emphasizing, the disputed evidence. Although in such situations an instruction to the jury to disregard the evidence is available, a curative instruction sometimes fails to erase the prejudice (M. Graham, *Evidence and Trial Advocacy Workshop: Rulings on Admissibility of Evidence Outside the Hearing of the Jury—"Motions in Limine,"* 17 Crim. L. Bull. 60 (1981)), and may even cause the reverse of its intended effect (*Morgan v. Rogers* (1975), 30 Ill. App. 3d 346, 332 N.E.2d 476).

For this reason, the plaintiff argues that objections to evidence that allegedly violates an *in limine* order need not be made because such an objection would defeat the purpose of the order. In essence, the plaintiff seeks to carve out an exception to the waiver rule.

■■ An order *in limine* merely presents an issue of admissibility of evidence which is likely to arise at trial, in a pretrial setting. As such, the order, like any other interlocutory order, remains subject to reconsideration by the court throughout the trial. (McCormick on Evidence §52, at 17 n. 36.5 (1978 Supp.).) Because the order limits the jury's access to certain evidence, the *in limine* order is a powerful and potentially dangerous weapon. Courts must be certain that the order be specific to preclude introduction of the inadmissible evidence while not restricting the opposing party's presentation of its case. (*Reidelberger v. Highland Body Shop, Inc.* (1981), 83 Ill. 2d 545, 416 N.E.2d 268.) Any correction or interpretation of the order should be made by the trial court to accommodate these competing interests. For a reviewing court to benefit from a trial court's interpretation of the order and for that court to facilitate resolution of objections at the moment they arise, counsel must object to any evidence or comments allegedly violating the order *in limine*. Therefore, we rule that, in order to preserve an objection that certain evidence violates an order *in limine*, counsel must object at trial. See 17 Crim. L. Bull. 60; 68 (1981).

We note the parties anticipated, at the hearing on the motion *in limine*, that some evidence could have more than one implication. (Accord, *Reidelberger v. Highland Body Shop, Inc.* (1981), 83 Ill. 2d 545,

6

416 N.E.2d 268.) The defendant agrees that evidence of contributory or imputed negligence was irrelevant to the strict liability claim, but argues that defense counsel's comments constituted evidence refuting the plaintiff's claim of proximate cause and foreseeability (*Winnett v. Winnett* (1974), 57 Ill. 2d 7, 310 N.E.2d 1). On the other hand, the plaintiff contends the same comments prejudiced him by implying contributory or imputed negligence. In such a situation, the order *in limine* provided that the parties were to resolve the dispute by approaching the bench and obtaining a ruling. The plaintiff completely failed, however, to object in this manner during closing argument which he now contends was replete with prejudicial comments. Had the plaintiff even once objected outside the jury's presence and asked for a continuing objection, he would have forced the court to rule on the admissibility of the statements without substantially diminishing the effectiveness of the order *in limine*.

For the foregoing reasons, we affirm the verdict and judgment of the Circuit Court of Will County in favor of the defendant in this cause.

Affirmed.

BARRY and HEIPLE, JJ., concur.