FERDINAND J. ROEDNER, Plaintiff-Appellant, *v.* CENTRAL ILLINOIS PUBLIC SERVICE COMPANY, Defendant-Appellee.

Fourth District   No. 4—82—0266

Opinion filed August 8, 1983.

Robert C. Nelson, of Belleville, for appellant.

Susan M. Hickman, of Gillespie, Cadigan & Gillespie, of Springfield, for appellee.

PRESIDING JUSTICE STOUDER delivered the opinion of the court:

Ferdinand Roedner, plaintiff, brought this action under the Struc-

tural Work Act (Ill. Rev. Stat. 1977, ch. 48, par. 60 *et seq.*) to recover damages from Central Illinois Public Service Company (CIPSC), defendant. After a jury trial in the circuit court of Sangamon County the jury returned its verdict finding the defendant not guilty and the plaintiff appeals.

The plaintiff was employed as a boilermaker by Newton Associates, a conglomeration of contractors serving as the general contractor for the construction of the CIPSC plant near Newton, Illinois, on June 10, 1977. He was 58 years old and had enjoyed good health throughout those years. He was normally employed as a "high rigger," meaning that his work was usually in the air. On the date in question he was a working foreman for a rigging gang in the construction process. Pursuant to his duties, he started work on the second shift shortly before 4:30 p.m. He was advised by a supervisor for his employer to walk over to inspect a piece of duct work. The duct work would be lifted by a crane high in the air to be attached to a smoke stack. The piece sat on a working platform called a "fab table." The tabletop was made up of the flanges of steel beams six to eight inches wide, the top was actually more holes than steel since the distance between the beams was three to four feet. The area around the fab table had been worked into a muddy gob by large rigs running back and forth over the soft dirt mixed with rain. The plaintiff was instructed by his superintendent where to mount the fab table, and he began walking the I beams behind his boss. The beams were slick with rain water and mud from the boots of those on the first shift. When the plaintiff was near the piece of duct work to be inspected, he could no longer walk along the piece of iron but had to cross from stepping approximately three feet from piece to piece. The walking surface was neither planked nor clean. In attempting to step from one beam to another he lost his balance and fell hard straddling the iron, striking his left knee on a cross member under one of the beams and supporting it. There was evidence the plaintiff sustained serious permanent injury to his knee and leg as a result of the incident.

On this appeal the plaintiff argues the trial court erred: (1), in refusing to direct a verdict in plaintiff's favor at the close of all of the evidence and by refusing to enter judgment *n.o.v.* after the verdict of the jury had been returned; (2), in declining to grant plaintiff a new trial because of opening statements by defense counsel asserting facts not supported by the evidence; (3), in refusing to grant plaintiff a new trial because the defendant erroneously introduced evidence of contributory negligence and or assumption of risk into the case; (4), in refusing to grant plaintiff a new trial because the court erroneously

gave Illinois Pattern Jury Instruction (IPI), Civil, No. 180.18 (2d ed. 1971) tendered by defendant; and (5), in refusing to grant plaintiff a new trial because the testimony of a defense expert was erroneously admitted.

■■ Asserting the applicability of the standard found in *Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 229 N.E.2d 504, the plaintiff contends the evidence establishes the liability of the defendant as a matter of law. This action was brought under section 9 of the Structural Work Act (Ill. Rev. Stat. 1977, ch. 48, par. 69), which requires that plaintiff prove defendant, owner of the premises in charge of the work, wilfully violated a provision of the Act. Ordinarily these issues present factual disputes to be resolved by the trier of fact (*Lyle v. Sester* (1981), 103 Ill. App. 3d 208, 430 N.E.2d 699), and in our opinion such rule is applicable to this case.

In his brief the plaintiff has detailed at some length evidence showing CIPSC was in charge of the work. Such evidence includes the underlying contract and certain provisions thereof relating to the rights and duties of CIPSC to inspect the work, direct compliance with safety regulations, etc. It also appeared from the evidence that CIPSC had a staff of approximately 20 nonoperating personnel on the job, 14 of whom were engineers engaged in various activities supporting the owner's contract duties and obligations. There was also evidence about the construction, purpose and use of the fab table bearing on the question of whether it was a scaffold or other structure within the Act and whether the defendant had wilfully violated the Act. As often occurs, the plaintiff's discussion of the evidence tends to discuss only the evidence favorable to him or other evidence in its aspect most favorable to him ignoring for the most part any unfavorable evidence. Although such a presentation is understandable, it is not the way in which evidence must be viewed under *Pedrick*. While we might agree that the evidence would be sufficient to support a verdict in favor of the plaintiff, if that had been the case, that is not the issue before us. Our conclusion is there were factual disputes which should have been submitted to the jury and the jury's resolution of those disputes in the manner it did is supported by the evidence.

The plaintiff has cited several cases which although of some interest are inapposite to the plaintiff's principal argument, namely, that liability was established as a matter of law. In *Norton v. Wilbur Waggoner Equipment Rental & Excavating Co.* (1979), 76 Ill. 2d 481, 394 N.E.2d 403, the factors relevant to "having charge of" the work were discussed at length, but the conclusion of the court was that considering the evidence as a whole it was sufficient to support the judgment

of the trial court against the owner school district. Again, in *Hausam v. Victor Gruen & Associates* (1980), 86 Ill. App. 3d 1145, 408 N.E.2d 1051, the "having charge of" issue was central to the opinion and the factors and cases were reviewed, but the court held that as a matter of law based on all the evidence the architect defendant did not have charge of the work. A summary judgment in favor of the defendant owner was reversed in *Carlson v. Metropolitan Sanitary District* (1965), 64 Ill. App. 2d 331, 213 N.E.2d 129, and in *Westerfield v. Arjack Co.* (1979), 78 Ill. App. 3d 137, 397 N.E.2d 451, a judgment against a general contractor was held to be supported by sufficient evidence.

Applying *Pedrick*, we do not believe the liability of the defendant was established as a matter of law, and we find no error in the trial court's refusal to enter judgment notwithstanding the verdict.

Plaintiff argues certain remarks of counsel for defendant made during opening statements and closing argument were erroneous and prejudicial. The statements referred to by the plaintiff were those made by defense counsel that the function of the fab table was not to be used as a walkway for workmen.

On this appeal plaintiff asserts the statements of defense counsel are not supported by evidence and should not have been made as part of the opening statement if no evidence was to be introduced thereon. (*Schwedler v. Galvan* (1977), 46 Ill. App. 3d 630, 360 N.E.2d 1324.) Furthermore, according to plaintiff, in the absence of evidence presented during trial, final arguments referring to facts not supported by evidence were improperly presented to the jury. Although there is some question whether the errors were properly preserved for review by appropriate objection, we fail to see that any error was committed and find that there was an adequate basis in the evidence for the statements which the plaintiff claims are erroneous. There is evidence that the men were instructed not to use the fab tables as walkways but walk around them.

■ Plaintiff contends reversible error occurred when the defendant interjected the issue of contributory negligence into the case. It is well settled that issues of contributory negligence, assumption of risk, and concurrent fault are not defenses to a Structural Work Act action. (*Przybylski v. Perkins & Will Architects, Inc.* (1981), 95 Ill. App. 3d 620, 420 N.E.2d 524.) No claim is made that the issue of contributory negligence was directly introduced into the case. According to the plaintiff, it arose indirectly when defense counsel referred to the plaintiff's job experience. Relying on *Basden v. Kiefner Brothers, Inc.* (1980), 92 Ill. App. 3d 218, 414 N.E.2d 951, plaintiff insists

that the references to experience injected the issue of contributory negligence into the case as a defense.

■ We have reviewed the various references to the plaintiff's experience, and under the circumstances of this case we do not see how some references to the plaintiff's experience could or should have been avoided. One of the principal issues in the case was the construction, purpose and use of the fab table all of which were subject areas within the knowledge of the plaintiff acquired as a consequence of his experience and the nature of his employment over the years. Indeed, it would be difficult if not impossible to describe the plaintiff's activities on the day of the incident without some reference to his experience. We do not believe the remarks in this case are subject to the same criticism as those in the *Basden* case and consequently we find no reversible error occurred in this case respecting such remarks.

Next the plaintiff argues the trial court erred in giving defendant's instruction No. 5. This instruction, modeled after IPI Civil No. 180.18 (2d ed. 1971), provided:

> "If you decide that the Plaintiff has proved all of the propositions of his case, it is not a defense that something other than a violation of the Structural Work Act by the defendant may also have been a cause of the injury. However, if the sole proximate cause of injury to the Plaintiff was something other than a violation of the Structural Work Act by the defendant, then your verdict should be for the defendant."

The notes to this pattern instruction indicate the second half of the instruction commencing "*** however, if the sole proximate cause ***" should not be given unless there was evidence introduced to support the proposition. Although there is some contradiction or confusion between the plaintiff's initial brief and his reply brief as to whether he did object to defendant's instruction No. 5 when it was tendered, the record does support his final assertion that he did object to the giving of the full instruction. According to the record, plaintiff's counsel stated: "I object to it, I think that there is no evidence that it was the sole proximate cause."

■ On this appeal the plaintiff suggests that there was no evidence that the sole proximate cause of plaintiff's injury was some cause other than the violation of the Structural Work Act by CIPSC. The trial court believed otherwise and so do we. In fact the plaintiff's argument only feebly supports this argument in connection with his further assertion that the instruction, even if a correct statement of the law as applied to the evidence, is nevertheless confusing and improperly given because it might be thought by the jury to refer to

contributory negligence of the plaintiff. The instruction does not of course refer either to the contributory negligence or assumption of risk of the plaintiff, and this alleged impropriety in the instruction was previously rejected in *Zuelsdorf v. Montgomery Ward & Co.* (1978), 64 Ill. App. 3d 408, 380 N.E.2d 1130. We conclude there was evidence which justified the trial court in giving the entire instruction, and we do not believe the jury would have been confused or misled by the instruction.

Finally, the plaintiff contends the trial court erred in declining to exclude the testimony of Si Thompson, an expert witness, who was called by and testified in behalf of the defendant. Thompson, an employee of Newton Associates, was called by the defendant as its last witness. At the time he was called the defendant explained that Tom Hicks, another expert, also an employee of Newton Associates, was unable to be present at that time to testify. The substance of Thompson's proposed testimony was proffered to the court outside the presence of the jury, but the plaintiff continued to object to the testimony of Thompson because his name had never previously been disclosed to the plaintiff. In response to the numerous interrogatories which had been served on defendant in order to ascertain the names of witnesses, the name of Tom Hicks had been disclosed to the plaintiff as one of the defendant's proposed experts, and he had been extensively deposed by plaintiff. Not being aware of Thompson, the plaintiff did not have any opportunity to depose him. The trial court overruled the plaintiff's objection to the testimony of Thompson and he was permitted to testify.

Section 58(3) of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 58(3)) creates the statutory duty to disclose the names of witnesses such as Thompson when such information is requested by the opposite party. According to this statute the names and addresses of witnesses shall be submitted "in sufficient time in advance of trial so as to insure a fair and equitable preparation of the case by all parties." Since Thompson was not disclosed as an expert witness until the last day of the defendant's presentation of evidence, it is obvious there is a failure to comply with the disclosure statute.

Where disclosure of a witness has not been made the question remains as to what the trial court should do. The criteria to be considered in determining the necessity or propriety of sanctions are set forth in *Kyowski v. Burns* (1979), 70 Ill. App. 3d 1009, 388 N.E.2d 770. They include surprise to opposing counsel, prejudicial effect, diligence of opposing counsel in seeking discovery, timely objection and good faith.

██ Applying the foregoing criteria, plaintiff insists the trial court should have excluded the testimony of Thompson as the only appropriate sanction for his late disclosure as a witness and the failure of the court to do so constitutes reversible error. Applying the criteria to the facts of this case, we believe the trial court acted properly, indeed the plaintiff has failed to point out in what manner permitting Thompson to testify was unfair or prejudicial.

At the time Thomspon was called and it was explained that Hicks was unavailable at the time, defense counsel represented that Hicks would be available the next day, but plaintiff's counsel was not in favor of any delay so the case continued. As indicated earlier, Hicks had been deposed by plaintiff, and plaintiff was well acquainted with the testimony he was expected to give. Thompson's testimony was quite similar to that of Hicks' as disclosed by the latter's depositions, and the plaintiff has not called our attention to any portion of Thompson's testimony which would not have been presented if Hicks had been the witness. Likewise, no claim is made that the plaintiff was unable to properly cross-examine the witness because it was Thompson rather than Hicks. While the plaintiff may have been surprised at the name of the witness, he was not surprised by the nature and substance of his testimony and has made no claim of prejudice because it was presented by this witness rather than the disclosed witness. Under these circumstances, we agree with the trial court that permitting Thompson's testimony was appropriate.

For the foregoing reasons the judgment of the circuit court of Sangamon County is affirmed.

Judgment affirmed.

ALLOY and SCOTT, JJ., concur.