Appellant Freddie Lee Wiley was convicted of murder and sentenced to thirty years' imprisonment. His conviction arises out of the shooting death of Ulysses Howard.
McArthur Dunklin, a witness to the shooting, testified that he and the appellant had travelled from Ft. Deposit, Alabama, to Montgomery on October 17, 1985. They arrived at the home occupied by Lula Blackmon, appellant's mother, and Ulysses Howard, early in the evening and waited there for appellant's sister, Doris Burnett, to return home from work. Appellant had promised to pay $25 for the ride from Ft. Deposit to Montgomery and Doris had the money to pay Dunklin.
While appellant and Dunklin waited, the deceased, Ulysses Howard, arrived and asked Miss Blackmon to step outside so that he could show her the repairs he had made on her car. Howard had been living with appellant's mother for a number of years. Miss Blackmon, Howard, Dunklin, and the appellant were standing around the car on the edge of the street discussing the repair when, according to testimony, the appellant drew a pistol and shot Howard in the chest. Howard attempted to run away but collapsed in the middle of the street a few yards away. Howard died shortly thereafter from the gunshot wound. According to the witnesses, Howard was not armed and had made no threats to appellant at the time he was shot.
 I
Appellant maintains that the trial court erred in denying his motion for mistrial based on a motion in limine previously granted. Appellant's motion in limine requested that, at trial, the state refrain from commenting on, or eliciting testimony concerning, appellant's assertion of his right to remain silent incident to his arrest.
The following occurred:
 "Q. After you read him his rights, did he volunteer any statement?
"A: Yes, sir.
"Q: What did he say?
"A: He told us the reason why he shot the victim.
"Q: And what did he say, exactly?
 "A: He said he was afraid of him; that is why he shot him."
Appellant argues that his motion for mistrial was erroneously denied. We disagree. It is clear from a reading of the record that the trial judge granted appellant's motion in limine while under the impression that no statement was made by the appellant to police. When he discovered during the trial that the appellant had made a statement, the trial judge necessarily reconsidered the *Page 814 
motion in limine, since it was based on incorrect information.
A motion in limine is a pretrial motion designed to obviate, "before or after the beginning of a jury trial,"[1] the introduction of matters which are irrelevant, inadmissible or prejudicial.[2] Motions in limine are grounded in the inherent discretion of the trial judge to rule on questions of evidence[3]
and are appropriate in civil and criminal cases alike.[4]
Motions in limine were not recognized in the common law. Historically, the courts of this country have been reluctant to accredit this motion.[5] Only recently have motions in limine been recognized in Alabama rules of procedure.[6] Motions in limine are similar to motions to suppress.[7] The difference is that motions in limine are addressed to the discretion of the trial court, while motions to suppress are grounded in constitutional right.[8]
Motions in limine at first met with opposition in Alabama and other jurisdictions. Bradford v. Birmingham Electric Co.,227 Ala. 285, 149 So. 729 (1933), is cited as the earliest reported case to entertain the propriety of this kind of motion.[9]Bradford involved a pretrial motion requesting the trial court to instruct defendant not to offer certain character evidence. The motion was denied and the Alabama Supreme Court upheld the trial court's decision:
 "There is no rule of law or of practice in this state which authorized the procedure called for by plaintiff's said motion. The trial court will not put itself in the position of assuming, in advance of the trial, that an attorney licensed to practice before it will offer illegal or incompetent testimony, nor will it arrogate to itself the prerogative of requiring counsel to inform it as to what evidence he will or will not offer in his client's behalf. Nor will a trial court assume the right, in advance of the offering of any evidence, to 'instruct' an attorney what evidence he may introduce on the trial of a cause. Such a procedure, in this jurisdiction, finds no support in any of our adjudged cases. To give judicial sanction to the procedure attempted to be engrafted upon our well-understood and long-established practice in the trial of cases would be wholly unjustified by, and in violation of, all precedent, and an unwarranted usurpation of judicial power and authority. To say more would be supererogation. The trial court properly overruled plaintiff's said motion." 227 Ala. at 287, 149 So. at 730.
Despite the Bradford position, motions in limine continued in use in Alabama courts, and eventually developed into a viable and common pretrial motion.[10] The Bradford decision was eventually overruled in Acklin v. Bramm, 374 So.2d 1348 (Ala. 1979).
Before the Acklin decision, the Alabama Rules of Civil Procedure was adopted; those rules recognized the court's authority to call a pretrial conference to determine such "matters as may aid in the disposition of the action."[11] Upon the adoption of the *Page 815 
Alabama Temporary Rules of Criminal Procedure, Rule 16.6, motions in limine were mentioned by name.[12] The comment to Rule 16.6 states that the use of motions in limine "should result in an increased efficiency in the conduct of criminal actions."[13]
Unlike motions to suppress, motions in limine are based solely on the discretion of the trial judge.[14] The granting of a motion in limine is not considered an ultimate ruling on the admissibility of evidence.[15]
The majority rule is that orders in limine are not ultimate dispositions.[16] This position is supported by logic and by practicality.
 "An order in limine merely presents an issue of admissibility of evidence, which is likely to arise at trial, in a pretrial setting. As such, the order, like any other interlocutory order, remains subject to reconsideration by the court throughout the trial." Beasley v. Huffman Mfg. Co., 97 Ill. App.3d 1, 52 Ill.Dec. 560, 422 N.E.2d 241
(1981).
As a matter of discretion, the court's reconsideration of appellant's motion in limine and denial of motion for mistrial will not be disturbed unless there is a showing of manifest abuse.
 "The trial judge is vested with discretion in the conduct of a trial, and appellate courts will not interfere unless there has been a clear abuse of that discretion." Shelton v. State, 384 So.2d 869, 870 (Ala.Cr.App.), cert. denied, 384 So.2d 871
(Ala. 1980), citing Carson v. State, 49 Ala. App. 413, 272 So.2d 619 (1973).
It appears from the record that appellant stated, at the time of his arrest, that he was "afraid" of the deceased and that that was why he "shot him." In the same breath appellant stated that he desired to remain silent. At trial the arresting officers were questioned concerning any statement made by appellant at the time of his arrest.
Once it was discovered for the first time by the court that appellant had said "I shot him" at the time of his arrest, the trial judge rescinded the order in limine and denied a motion for mistrial.
We agree with appellant that unquestionably there should be no comment on a defendant's assertion of his right to silence.United States v. Hale, 422 U.S. 171, 95 S.Ct. 2133,45 L.Ed.2d 99 (1975). But, where admissible statements are inseparably joined with inadmissible statements, such statements, in total, can be properly presented to the jury.
 "It may occur that an offered . . . utterance contains a part which is properly admissible and to be considered by the jury along with another part which is not proper to be placed before the jury. When these two parts are so interwoven that it is impractical to separate one from the other, it is proper for the offering party to have the entire . . . utterance admitted into evidence." C. Gamble, McElroy's Alabama Evidence, § 12.02 (3d ed. 1977).
We find that the statements made by appellant at the time of his arrest were *Page 816 
not amenable to severance, and it was not error to allow the testimony concerning the admission to come into evidence as it did.
For the foregoing reasons, the judgment of the circuit court is affirmed.
AFFIRMED.
All the Judges concur except BOWEN, P.J., who concurs in result only.
[1] Black's Law Dictionary, 914 (5th ed. 1979).
[2] Bridges v. City of Richardson, 163 Tex. 292, 354 S.W.2d 366
(1962).
[3] The Motion in Limine: A pretrial Procedure that has come ofAge, 33 Ala.L.Rev. 1 (1981).
[4] Gendron v. Pawtucket Mut. Ins. Co., 409 A.2d 656 (Me. 1979).
[5] Carrithers v. Jeans's Executor, 259 Ky. 20, 81 S.W.2d 857
(1935) (rejecting the use of motions in limine).
[6] See Ala. Rules of Civil Procedure, Rule 16, and Ala. Temporary Rules of Criminal Procedure, Rule 16.6(e).
[7] State v. Rodriguez, 126 Ariz. 28, 612 P.2d 484 (1980); Gendronv. Pawtucket Mut. Ins. Co., 409 A.2d 656 (Me. 1979).
[8] Gendron, supra.
[9] 33 Ala.L.Rev. 1, 3.
[10] Acklin v. Bramm, 374 So.2d 1348 (Ala. 1979) (stating that motions in limine are desirable in many instances); Louisville Nashville Railroad Co. v. Phillips, 293 Ala. 713,310 So.2d 194 (1975).
[11] Ala. Rules of Civil Procedure, Rule 16.
[12] Ala. Temporary Rules of Criminal Procedure, Rule 16.6(e):
 "Orders in Limine. The court for good cause shown may order that any party, witness, or attorney refrain from asking certain questions, giving certain answers, or in any manner directly or indirectly referring to or alluding to any otherwise inadmissible fact, matter, or circumstance during the course of trial or in the presence of jurors or the venire."
[13] Comment to Rule 16.6, Ala.Temp.R.Crim.P.
[14] State v. Askew, 455 So.2d 36 (Ala.Civ.App. 1984).
[15] See note 16, infra.
[16] Blackburn v. State, 314 So.2d 634 (Fla.Dist.Ct.App. 1975);Beasley v. Huffman Mfg. Co., 97 Ill. App.3d 1, 52 Ill. Dec. 560, 422 N.E.2d 241 (1981); Rohrkaste v. City of Terre Haute,470 N.E.2d 738 (Ind.App. 1984); Krosky v. Ohio Edison Co.,20 Ohio App.3d 10, 484 N.E.2d 704 (1984); Zehner v. Post Oak OilCo., 640 P.2d 991 (Okla.App. 1981); Annin v. Bi-StateDevelopment Agency, 657 S.W.2d 382 (Mo.App. 1983); UnionCarbide Corp. v. Burton, 618 S.W.2d 410 (Tex.Civ.App. 1981);contra, Ex parte Houston County, 435 So.2d 1268 (Ala. 1983) (stating that some orders in limine are not ultimate rulings; however, there are no reported cases where a motion in limine is treated as a final disposition).