JAMES T. KONIECZNY, Plaintiff-Appellant, v. KAMIN BUILDERS, INC., Defendant-Appellee.

Third District   No. 3—98—0682

Opinion filed April 2, 1999.

Brian C. Walker (argued), of Kupisch & Carbon, Ltd., of Bensenville, for appellant.

William V. Kozel (argued), of Rathbun, Czervenyak & Kozel, L.L.P., of Joliet, for appellee.

JUSTICE KOEHLER delivered the opinion of the court:
The plaintiff in this action arising under the Structural Work Act

(the Act) (740 ILCS 150/9 (West 1992)), James T. Konieczny, appeals the circuit court's denial of his motion for judgment notwithstanding the verdict or a new trial. We must decide the following question: Did the circuit court erroneously deny the defendant a fair trial because: (1) the evidence presented at trial so overwhelmingly proved a wilful violation of the Act that the circuit court should have found the defendant liable as a matter of law and, therefore, granted the plaintiff's motion for directed verdict; and (2) the circuit court allowed the defendant to focus his sole proximate cause defense on the plaintiff's conduct in violation of the Act? Because we conclude that the circuit court did not err, we affirm.

## I. FACTS

The plaintiff, James Konieczny, an apprentice bricklayer for RKD Masonry, Inc. (RKD), was injured when he fell from a scaffold on which he was working at a construction site. The account of the events surrounding the plaintiff's fall as they were testified to at trial is as follows. RKD subcontracted with the defendant, Kamin Builders, to do masonry work on a house being constructed in Naperville, Illinois. The contract between RKD and Kamin consisted only of a proposal detailing that RKD was to furnish the materials, perform the necessary labor, and that Kamin was to pay RKD a specified amount for its work. The plaintiff and another RKD employee constructed a scaffold five sections high on the side of the house where they were to work. After the scaffold was constructed, RKD president Richard Dusek climbed the scaffold and tied it in, meaning that he attached it to the house with a two-by-four and building iron. Dusek tied in the scaffold on one side only. Subsequently, the plaintiff went up onto the scaffold and, using a pulley system, began placing bricks on the scaffold's various levels. As the plaintiff stacked the bricks, the scaffold fell, throwing the plaintiff to the ground and injuring him. According to the plaintiff, somewhere between 15 to 30 minutes elapsed from the time the scaffold was erected and the time that it collapsed. Dusek thought that the scaffold fell 15 minutes to possibly 45 minutes after it was erected. Dusek believed that, when the scaffold fell, it made a hole in the ground six to eight inches deep where the northwest leg of the scaffold had stood. Joseph Golminas, the defendant's construction superintendent, who was on the site two to three times daily, saw the scaffold but did not inspect it.

The plaintiff filed suit against Kamin Builders. Other parties whom the plaintiff filed against settled or were dismissed from the action. The plaintiff, contending that errors by the circuit court caused jury confusion and denied the plaintiff a fair trial, filed a motion for a

judgment notwithstanding the verdict or a new trial, which the circuit court denied. The plaintiff now appeals.

## II. ANALYSIS

### A. Wilful Violation of the Act

■■ Did the evidence presented at trial so overwhelmingly prove that the defendant wilfully violated the safety standards of the Act that the circuit court should have directed a verdict in favor of the plaintiff? A directed verdict or a judgment notwithstanding the verdict should be entered only when all of the evidence, when viewed in the light most favorable to the motion's opponent, so overwhelmingly favors the movant that no contrary verdict based on the evidence could stand. *Pedrick v. Peoria & Eastern R.R. Co.*, 37 Ill. 2d 494, 510, 229 N.E.2d 504, 514 (1967). Accordingly, to prove a violation under the Structural Work Act (740 ILCS 150/9 (West 1992)), the plaintiff has the burden to prove several elements, including that: (1) the defendant had charge of the work; and (2) the defendant wilfully violated the Act's safety standard. *Cockrum v. Kajima International, Inc.*, 163 Ill. 2d 485, 491, 645 N.E.2d 917, 920 (1994). The Act reads in pertinent part:

> "Any owner, contractor, sub-contractor, foreman or other person having charge of the erection, construction, repairing, alteration, removal or painting of any building, bridge, viaduct or other structure within the provisions of this Act, shall comply with all the terms thereof, and any such owner, contractor, sub-contractor, foreman or other person violating any of the provisions of this Act shall be guilty ***.
>
> .* * *
>
> For any injury to person or property, occasioned by any wilful violations of this Act, or wilful failure to comply with any of its provisions, a right of action shall accrue to the party injured, for any direct damages sustained thereby ***." 740 ILCS 150/9 (West 1992).

Whether a defendant is a person having charge of the work is primarily a question of fact. *Cockrum*, 163 Ill. 2d at 492, 645 N.E.2d at 920. Factors involved in deciding that issue include: (1) supervision and control of the work; (2) retention of the right to supervise and control the work; (3) constant participation in ongoing activities at the construction site; (4) supervision and coordination of subcontractors; (5) responsibility for taking safety precautions at the jobsite; (6) authority to issue change orders; (7) the right to stop work; (8) ownership of the equipment used on the jobsite; (9) the defendant's familiarity with construction customs and practices; and (10) the defendant's

ability to assure worker safety or alleviate equipment deficiencies or improper work habits. *Cockrum*, 163 Ill. 2d at 492-93, 645 N.E.2d at 920. No single factor determines whether the defendant has charge of the work, but rather the totality of the circumstances must be examined. *Roedner v. Central Illinois Public Service Co.*, 117 Ill. App. 3d 81, 84, 452 N.E.2d 842, 844 (1983). A violation is wilful when the defendant knew of the violation or, in the exercise of reasonable care, could have discovered it. These are questions of fact to be resolved by the trier of fact. *Smith v. Georgia Pacific Corp.*, 86 Ill. App. 3d 570, 574, 408 N.E.2d 117, 120 (1980).

■ At trial, witnesses for both the plaintiff and the defendant testified regarding who was responsible for safety at the site; when, by whom, and under what circumstances work could be stopped; who supervised the work done; and the respective party's understanding of it's responsibilities. One point of contention was the length of time between the building of the scaffold and the accident, and whether enough time had elapsed such that the defendant could reasonably have known of the unsafe condition. We conclude that the nature of the relationship between the defendant and the plaintiff, as well as the time period involved relating to the accident and the ability of the defendant reasonably to have learned of the unsafe condition, is a question of fact for a jury to resolve. In looking at the evidence, we cannot conclude that the evidence in favor of the plaintiff is so overwhelming that a verdict for the defendant could never stand.

## B. Sole Proximate Cause

■ Was the plaintiff denied a fair trial because the circuit court allowed the defendant to focus on the plaintiff's conduct as the sole proximate cause of the injury? One of the purposes of the Act is to prevent injuries to persons employed in dangerous and extrahazardous occupations. *Simmons v. Union Electric Co.*, 104 Ill. 2d 444, 459, 473 N.E.2d 946, 953 (1984). In furtherance of that purpose, contributory negligence and comparative negligence are not defenses to claims brought under the Act. *Simmons*, 104 Ill. 2d at 459, 473 N.E.2d at 953. The sole inquiry under the Act is not the plaintiff's conduct, but whether the defendant is culpable. *Simmons*, 104 Ill. 2d at 459, 473 N.E.2d at 953. Concurrent fault on the plaintiff's part is not a defense to the Act; however, where there is no violation of the Act and where only the plaintiff's negligence causes the injury, the defendant is not liable under the Act. *Smith*, 86 Ill. App. 3d at 573, 408 N.E.2d at 119. The plaintiff contends that errors by the circuit court allowed the defendant to argue that the plaintiff's conduct was the sole proximate cause of the injury. First, according to the plaintiff, the circuit court

abused its discretion when it denied his motion *in limine* requesting that the court bar admission of evidence which tended to show that the plaintiff's actions were the sole proximate cause of his injury. Second, the plaintiff claims that the circuit court abused its discretion when it gave a jury instruction on sole proximate cause and an instruction on joint and several liability, causing jury confusion during deliberations.

### 1. Motion in Limine

■ A motion *in limine* is a motion in advance of trial in which a party seeks a ruling on the admissibility of evidence. *Beasley v. Huffman Manufacturing Co.,* 97 Ill. App. 3d 1, 5, 42 N.E.2d 241, 244 (1981). The purpose of the motion is to promote a trial free of prejudicial material and to avoid highlighting the evidence to the jury through objection. *Beasley,* 97 Ill. App. 3d at 5, 42 N.E.2d at 244. The ruling remains subject to reconsideration by the court throughout the trial. *Beasley,* 97 Ill. App. 3d at 4, 42 N.E.2d at 244. It is within the discretion of the trial judge to grant or deny the motion. *Ficken v. Alton & Southern Ry. Co.,* 291 Ill. App. 3d 635, 642, 685 N.E.2d 1, 7 (1996). Whether granted or denied, a motion *in limine* does not preserve issues for review. *Chubb/Home Insurance Cos. v. Outboard Marine Corp.,* 238 Ill. App. 3d 558, 567-68, 606 N.E.2d 423, 429 (1992). If the court denies the motion, the movant must object to the evidence when it is offered at trial. *Pyskaty v. Oyama,* 266 Ill. App. 3d 801, 819, 641 N.E.2d 552, 566 (1994). An issue that is not objected to at trial is waived on appeal. *Ficken,* 291 Ill. App. 3d at 644, 685 N.E.2d at 8. This court will not reverse the circuit court's order in the absence of a clear showing of abuse of discretion. *Ficken,* 291 Ill. App. 3d at 642, 685 N.E.2d at 7.

■ The plaintiff argues that because the circuit court denied his motion *in limine* on proximate cause he could not object to admission of that evidence at trial. This is wrong. The plaintiff's motion was an interlocutory motion on the admissibility of evidence. As with any interlocutory order, it was subject to reconsideration by the circuit court, and the plaintiff had the right to object contemporaneously to the evidence throughout the trial. *Beasley,* 97 Ill. App. 3d at 5. We conclude that because the plaintiff did not object to the admission of this evidence at trial or closing argument, the plaintiff waived appeal on its admission.

### 2. Jury Instructions

■ A jury instruction is properly given when evidence exists in the record to support it. *Aguinaga v. City of Chicago,* 243 Ill. App. 3d 552, 575, 611 N.E.2d 1296, 1313 (1993). The circuit court has discretion in deciding whether such evidence was raised. *Aguinaga,* 243 Ill. App. 3d

at 575, 611 N.E.2d at 1313. Jury instructions are to be "considered as a whole and where the jury has not been misled and the [complainant's] rights have not been prejudiced by minor irregularities, those alleged errors cannot serve as a basis for [error]." *Zuelsdorf v. Montgomery Ward & Co.*, 64 Ill. App. 3d 408, 414, 380 N.E.2d 1130, 1135 (1978) citing *McCormack v. Haan*, 30 Ill. App. 2d 311, 174 N.E.2d 206 (1961). We review the circuit court's instructions to the jury for abuse of discretion. *Bargman v. Economics Laboratory, Inc.*, 181 Ill. App. 3d 1023, 1025, 537 N.E.2d 938, 940 (1989). First, the plaintiff argues that the defendant was allowed to inject the issue of the plaintiff's conduct into the trial when the circuit court refused to give his jury instruction number 19, which follows the language of Illinois Pattern Jury Instructions, Civil, No. 180.18 (3d ed. 1995) (hereinafter IPI Civil 3d). Rather, the circuit court gave the defendant's instruction number 5, which combined the language of IPI Civil 3d Nos. 180.19 and 180.18 and reads:

"If you decide that the plaintiff has proved all the propositions of his case, it is not a defense that something other than a violation of the Structural Work Act by the defendant may also have been a cause of the injury.

More than one person may be to blame for causing an injury. If you decide that the plaintiff has proved all the propositions of his case, then it is not a defense to the plaintiff's claim that the plaintiff's employer may also have been to blame.

However, if you decide that the sole proximate cause of the injury to the plaintiff was something other than a violation of the Structural Work Act by the defendant, then your verdict should be for the defendant."

The plaintiff's proposed instruction number 19 contained only the first paragraph of the foregoing instruction. The plaintiff argues that although the defendant has the right to argue that something other than the defendant's conduct was the sole proximate cause of the injury, it is not allowed to argue that the plaintiff's conduct or the conduct of the plaintiff's employer was the sole proximate cause of the accident. The plaintiff maintains that the defendant was attempting to do just that through inclusion of this instruction.

■ In this case, the defendant presented evidence that it was not in charge of the work and that the time between the scaffold's construction and the accident was as little as 15 minutes or as much as an hour. Moreover, the circuit court's inclusion of the plaintiff's instruction number 18 should have cleared up any possible jury confusion. That instruction reads:

"If you decide that the plaintiff has proved all the propositions of

his case under the Structural Work Act, then it is not a defense to the plaintiff's claim that some conduct on the plaintiff's part may have contributed to cause the injury."

See Illinois Pattern Jury Instructions, Civil, No. 180.17 (3d ed. 1995). Accordingly, we conclude that the circuit court did not abuse its discretion when it allowed the defendant's instruction number 5.

■ Finally, we examine whether joint and several liability was improperly injected into the trial through the circuit court's allowance of a jury instruction on contribution. The instruction at issue is a modified IPI Civil 3d No. 600.14 verdict form which includes a worksheet on which the jury was to allocate percentage of fault between the defendant and the plaintiff's employer, RKD. The defendant argues that joint and several liability is appropriate in this case because courts have interpreted the Act under negligence principles. Moreover, they argue that because the Act does not fall within the express exceptions to section 2—1117 of the Code of Civil Procedure that are found in section 2—1118 (735 ILCS 5/2—1117, 2—1118 (West 1996)), the Act is subject to section 2—1117. We find the defendant's reasoning wholly unpersuasive.

When interpreting a statute, the plain meaning of the language should be conclusive except where ambiguity appears. *Scadron v. City of Des Plaines*, 153 Ill. 2d 164, 185, 606 N.E.2d 1154, 1163 (1992). We agree with the first district's analysis that the plain language of section 2—1117 applies only to "actions on account of bodily injury or death or physical damage to property, based on negligence, or product liability based on strict tort liability" (735 ILCS 5/2—1117 (West 1992)); therefore, claims under the Act do not fall within the express categories to which section 2—1117 applies. *Branum v. Slezak Construction Co.*, 289 Ill. App. 3d 948, 969, 682 N.E.2d 1165, 1179 (1997). As the *Branum* court concluded, "to apply section 2—1117 to the Structural Work Act would be wholly inconsistent with the express purpose of the Act. *** The purpose of section 2—1117 *** is to assess damage liability according to fault that is determined in negligence and strict liability actions." *Branum*, 289 Ill. App. 3d at 969-70, 682 N.E.2d at 1179. Conversely, the purpose of the Act is to prevent injuries to persons employed in ultrahazardous occupations and to insure that the injured party will receive full compensation. This claim arose specifically under the Act, not in the Act's express categories of negligence or strict liability actions. It is, therefore, irrelevant that the Act is not one of the categories excepted under section 2—1118. Accordingly, the circuit court erred in its determination that an instruction on joint and several liability should be given to the jury for its consideration. However, the jury was also instructed that "if [it]

decide[d] for the Defendant on the question of liability, [it would] have no occasion to consider the question of damages." Additionally, the pattern jury instructions concerning the Act given in this case specifically instructed the jury that, if the defendant has violated the Act, it is not a defense that the acts of the plaintiff, the plaintiff's employer, or a third party may also have been to blame. Accordingly, we conclude that, as a whole, the instructions fairly presented the law of the case to the jury.

## III. CONCLUSION

In sum, we conclude that evidence of the defendant's wilful violation of the Act presented by both plaintiff and defendant was not so overwhelmingly in favor of the movant that no other verdict could stand, and that the circuit court did not abuse its discretion by allowing the defendant to focus his defense on the plaintiff's conduct as the sole proximate cause of the injury. We further conclude that the submission of an instruction on joint and several liability was improper. However, because that issue would not be considered unless the defendant were found liable, we need not reverse. Accordingly, we affirm.

Affirmed.

HOMER and SLATER, JJ., concur.